Jesse Jones, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, October 17, 1979, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and Mac-Phail.

*Thomas L. McGill, Jr.,* for petitioner.

*Robert A. Greevy,* Assistant Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

Opinion by Judge Rogers, November 29, 1979:

Jesse Jones has filed a petition for review in the nature of mandamus asking us to overturn the decision of the Board of Probation and Parole recommitting him to prison as a technical parole violator. Jones and the Board have filed cross motions for judgment on the pleadings and the issues are before us on the briefs.

While on parole, Jones was arrested and charged with the following technical parole violations: (1) failure to report to his parole officer as instructed, (2) changing residence without permission, (3) possession and use of narcotics and dangerous drugs,

and (4) possession of a firearm. After conducting timely parole revocation hearings, the Board found Jones guilty of all four charges and recommitted him as a technical parole violator.

Relying on *Kemp v. Pennsylvania Board of Probation and Parole*, 43 Pa. Commonwealth Ct. 390, 402 A.2d 708 (1979), Jones says that his procedural due process rights were violated because some of the evidence against him was hearsay and that since the person upon whose evidence the revocation was based was not present he was not afforded necessary confrontation of adverse witnesses. 37 Pa. Code §71.2-(16). *Kemp* is distinguishable. There, the only evidence of the alleged technical parole violations which appeared to us to be substantial consisted of the testimony of parole agents as to what other persons had told them. Here, Jones' own testimony provides support for the charges that he failed to report as instructed and changed residence without permission. These violations may, in the Board's judgment, alone provide sufficient basis for the revocation of Jones' parole. Therefore we may not simply reverse the Board's action.

The hearsay evidence in this case was the affidavit of the police officer who arrested Jones, tending to establish charges of possession and use of narcotics and dangerous drugs and possession of a firearm. The regulation at 37 Pa. Code §71.2(16) provides that "any persons upon whose testimony the alleged violations are based" must be present to testify "unless the Board or its designated Examiner has specifically found good grounds for not allowing confrontation." There being here no finding of good cause for not requiring the presence of the arresting police officer whose affidavit was the only basis of the charges of possession of narcotics and of a firearm, those charges should not have been considered to have been proved.

Since two of the four charges forming the basis of the Board's action are not supported by competent evidence, we must grant the petitioner's motion for mandamus. We will, however, order the Board to conduct a new hearing with respect to the two charges which are supported on the record and to dispose of the matter according to law.

### ORDER

AND Now, this 29th day of November, 1979, the petitioner's motion for judgment is granted. The Pennsylvania Board of Probation and Parole is ordered to conduct a hearing with respect to charges of failure to report and of changing residence without permission and to dispose of the matter according to law.