Charles Benefiel, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, January 2, 1980, before President Judge CRUMLISH and Judges WILKINSON, JR., MENCER, ROGERS, BLATT, CRAIG and MACPHAIL. Judges WILLIAMS, JR. and PALLADINO did not participate.

*Charles Benefiel,* petitioner, for himself.

. *Robert A. Greevy,* Assistant Attorney General, with him, *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, March 11, 1981:

Charles Benefiel has filed a petition for review challenging the decision of the Pennsylvania Board of Probation and Parole (Board) recommitting him as a technical parole violator. Cross-motions for judgment on the pleadings have been filed, and the issues have been submitted on briefs.

Benefiel alleges that a Board warrant filed to commit and retain him as a technical parole violator should be vacated because of certain alleged procedural deficiencies. We disagree and hold the Board's action was proper and will enter judgment for the Board.

Benefiel was under parole supervision when he was arrested on charges of terroristic threats. On November 2, 1978, the Board filed a warrant charging Benefiel with the technical parole violation of disobeying a condition of his parole, namely, that he engaged in overt behavior which threatened or presented a clear and present danger to himself or others.[1]

---

[1] 37 Pa. Code §63.4 contains the general conditions of parole and reads as follows:

> If parole is granted, the parolee shall be subject to the following conditions:

Benefiel contends (1) he was excused from complying with that parole condition because he did not endorse a parole contract indicating this was a condition of parole nor did he ever see the written condition as required by 37 Pa. Code §63.7; and (2) Board agents dissuaded him from seeking a continuance at his Violation Hearing when they knew two of his material witnesses were unavailable by assuring him they would obtain their affidavits for the Board's consideration.

First, there is no prerequisite to a valid parole condition that the parolee must agree to its terms. After a convict has met certain eligibility parole requirements, he is then paroled subject to certain general and possibly some special conditions. Thus, Benefiel became subjected to condition No. 10 after parole eligibility was determined. Under the Board's broad power to make general rules governing the conduct and supervision of parolees[2], it enacted the regulation found at 37 Pa. Code §67.3, which puts the burden of acknowledging parole conditions upon the *parolee*. Thus, the obligation was upon Benefiel to acquaint himself with the conditions of his parole, either by reading them himself or having someone read it to him. Having failed to fully comprehend and comply with the conditions of his parole, Benefiel cannot now excuse his non-compliance with parole conditions by attempting to shift the burden of acknowledgment to the Board.

He secondly contends that he is entitled to have his parole reinstated because he was deprived of his right to present witnesses at the revocation hearing.

. . . .

(10)   Refrain from overt behavior which threatens or presents a clear and present danger to himself or others.

[2] Section 23 of the Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. §331.23.

After a timely preliminary detention hearing was held and Benefiel waived a full Board revocation hearing, a violation hearing was held on December 7, 1978, at which time Benefiel's attorney and his parole agent were present. He alleges certain material witnesses were not currently available to testify that he was innocent of making terroristic threats, and that he was persuaded not to request a continuance on the advice of Board agents who then assured him they would obtain affidavits from the absent witnesses.

While we do not have a transcribed record of the hearing, we are aided by the pleading in which is contained a certificate of the Chairman of the Board and the briefs of the parties. In examining these documents, we find that sufficient evidence was before the Board to conclude that Benefiel had violated a condition of his parole by acts of overt behavior which endangered others.

In a motion for summary judgment, the Court must accept as true all well-pleaded facts of record, but must resolve any doubts as to the existence of a genuine issue of material fact against the moving party. *First Pennsylvania Bank, N.A. v. Triester,* 251 Pa. Superior Ct. 372, 380 A.2d 826 (1977).

The essence of Benefiel's claim for relief is that he would have moved for a continuance had not Board agents persuaded him not to.[3] This allegation is specifically denied by the Board, which contends that its agents never dissuaded Benefiel from requesting a continuance; nor does it admit assuring Benefiel it would obtain affidavits from the absent witnesses. Being so, we cannot enter judgment for Benefiel.

---

[3] Benefiel, who was assisted by counsel at the hearing, never averred that he ever made a motion for a continuance or that he ever asked the hearing examiner for a continuance; only that "he was in the process of requesting a continuance" when persuaded not to.

Since the Board would be bound by the same principles of law, we cannot enter judgment for it unless the facts set forth in the Board's answer and new matter would be a complete defense to Petitioner's claim for relief, which brings us to an examination of the facts in the Board's new matter and the certificate of the Board's Chairman. His certificate indicates that a Mr. Boyle, witness for Benefiel, was notified of the date, time and place of the hearing but advised that he could not attend. Another attempt was made to obtain Boyle's testimony by the parole agent who contacted Boyle relative to testifying or, in his absence, submitting an affidavit. Boyle informed the agent that he was reluctant to get involved and refused to provide any information relevant to the instant case. Testimony by affidavit unfavorable to Benefiel's contention was presented at the hearing.

A careful review of these undenied facts set forth above convinces us that Benefiel was not prejudiced by the Board's failure to obtain an affidavit on his behalf, since the Board's good faith attempt to secure the affidavit was rebuffed. The decision to recommit Benefiel as a technical parole violator was not made until after serious attempts were made to obtain the witnesses' testimony.

Accordingly, we hold that Benefiel had violated a condition of his parole and the decision to recommit him as a technical parole violator was in accordance with the law and did not violate his constitutional rights.

Accordingly, we

### Order

The motion for summary judgment of the respondent, Pennsylvania Board of Probation and Parole, is granted and judgment is entered in its favor and against the petitioner, Charles Benefiel.