Galen H. Wolgemuth, Lloyd G. Grander and Daniel L. Leib, Board of Supervisors, Heidelberg Township, Lebanon County, Pa., Appellants *v.* Ralph R. Kleinfelter and Janet E. Kleinfelter, his wife, Appellees.

Argued September 18, 1981, before Judges ROGERS, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Robert C. Rowe,* for appellants.

*Kenneth C. Sandoe,* with him *Robert J. Eby, Steiner & Eby,* for appellees.

OPINION BY JUDGE PALLADINO, December 23, 1981:
This is an appeal by the Board of Supervisors, Heidelberg Township (Board) from an order of the

Court of Common Pleas of Lebanon County dismissing the Board's Motion to Open Peremptory Judgment. We reverse and remand.

On August 20, 1976, Appellees Ralph R. and Janet E. Kleinfelter filed a complaint in mandamus against the Board seeking to compel approval of a subdivision plan on the grounds that the Board, in denying the plan, failed to comply with the requirements of Section 508 of the Municipalities Planning Code (Code).[1] The Board filed an answer to the complaint and Appellees on September 19, 1978, filed a motion for peremptory judgment under Pa. R.C.P. 1098. A Rule to Show Cause why the peremptory judgment should not be granted was issued September 21, 1978, to which the Board made no answer. The Rule was made absolute on August 19, 1980, on motion of Appellees and the Board was ordered to approve Appellees' plans. The Board moved to open the judgment on September 10, 1980, and the motion was dismissed.

The Board asserts that the lower court erred in dismissing the motion to open because (1) significant issues of fact remained unresolved, and (2) the notice requirements of Pa. R.C.P. No. 1098 were not met.

Pa. R.C.P. No. 1098 reads:

At any time after the filing of the complaint, the court may enter judgment if the right of the

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10508 requires, *inter alia*, that the Board render its decision as to a subdivision application no later than ninety days after the date of application; that the decision be in writing and sent to the applicant no later than five days after it is made; and, if the application is not approved, that the decision shall specify the defects found in the application, requirements which the application did not meet and the provisions of the statute or ordinance relied on in making the decision. Furthermore, under Section 508 the failure to issue a decision which is in full compliance with these requirements mandates that the application shall be approved as made.

plaintiff thereto is clear, but the judgment may be opened upon cause shown. Judgment shall not be entered without prior notice to all parties unless the exigency of the case is such as to require action before notice, in which event notice shall be given as soon as possible.

In determining whether to grant a motion for peremptory judgment pursuant to Rule 1098, a court is to be guided by the standards governing disposition of motions for summary judgment. *Commonwealth v. Mifflin County School Board,* 30 Pa. Commonwealth Ct. 213, 399 A.2d 421 (1977). Accordingly, in making its decision " '[t]he Court must consider both the record actually presented and the record potentially possible at the time of the trial [,] ' " *Schacter v. Albert,* 212 Pa. Superior Ct. 58, 61-2, 239 A.2d 841, 843 (1968) (quoting *International Latex Corp. v. Lexicon Products, Inc.,* 37 F.R.D. 524, 525-6 (E.D. Pa. 1965)), and judgment can be entered "only in the clearest of cases where there is not the slightest doubt as to the absence of an issue of material fact." *Leach v. Philadelphia Saving Fund Society,* 234 Pa. Superior Ct. 486, 492, 340 A.2d 491, 494 (1975). Furthermore, "[t]he burden of demonstrating that no genuine issue of material fact exists and that one is entitled to judgment as a matter of law is on the moving party, and the record must be examined in the light most favorable to the non-moving party." *Giannini v. Carden,* Pa. Superior Ct. , , 429 A.2d 24, 26 (1981).

Appellees assert in their complaint that the Board's decision on their subdivision application was deficient with respect to the requirements of Section 508 of the Code because it was not issued within ninety days of the application date and did not contain the required degree of specificity as to why the application was

denied.[2] The Board's answer to the complaints avers that the decision was made more than ninety days after the application date because Appellees requested a hearing and at that hearing, Appellees were made fully aware of purported deficiencies in their application and the reasons for its denial. These allegations, viewed in the light most favorable to the Board, suggest that Appellees waived their right to a decision which complied with the requirements of Section 508 of the Code. Such a waiver is provided for by Section 508(3) of the Code and will be given effect if properly made. *See Board of Supervisors, Township of Bensalem v. DiEgidio,* 40 Pa. Commonwealth Ct. 209, 396 A.2d 920 (1979). From the pleadings it cannot be determined whether Appellees did effectuate a waiver. Since an effective waiver of the right to a decision under the terms of Section 508 of the Code would defeat Appellees' right to relief in mandamus, we conclude that there exists a material issue of fact which remains unresolved.

Additionally, the Rule to Show Cause in the instant case did not satisfy the notice requirement of Pa. R.C.P. No. 1098. In ruling to the contrary, the lower court relied upon Pa. R.C.P. No. 237.1(b) which provides that notice of intent to take default judgment need not be given when judgment is taken pursuant to a rule to show cause. However, Explanatory Note-1979 to Pa. R.C.P. No. 237.1 points out that the exception pertains to a rule to show cause *"requiring* action to be taken *within a specified period of time* under *penalty of default."* (Emphasis added.) In the instant case, the rule to show cause did not re-

[2] Appellees made their subdivision application over six months prior to the Board's July 16, 1976, decision and the written notice of that decision merely indicated that approval had been refused: no reasons were given nor authority cited.

quire action upon penalty of default within a specified period of time. In fact, judgment was entered on the ex parte motion of Appellees some *two years* after issuance of the Rule.

Since the court below erred in granting peremptory judgment, *Venneri v. County of Allegheny*, 5 Pa. Commonwealth Ct. 105, 289 A.2d 523 (1792); *Schacter*, we enter the following

ORDER

AND Now, December 23, 1981, the order of the Court of Common Pleas of Lebanon County in the above-captioned matter is hereby reversed and the matter is remanded to said court for further proceedings consistent with this opinion.