Richard F. Donnell, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*William H. Mitman, Jr.,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

PER CURIAM OPINION, December 8, 1982:

Richard Donnell has filed a complaint in mandamus, which we will treat as a petition for review, alleging that the Pennsylvania Board of Probation and Parole violated its own regulations and the petitioner's due process rights when it recommitted him to Rockview State Correctional Facility as a technical and convicted parole violator.

After the board filed a certificate from the board's chairman, to which Mr. Donnell replied, and an amended answer with new matter, both parties filed motions for summary judgment. On motions for summary judgment, we review the pleadings in the light most favorable to the non-moving party, *Wolgemuth v. Kleinfelter,* 63 Pa. Commonwealth Ct. 395, 398, 437 A.2d 1329, 1331 (1981), and resolve any doubts as to the existence of a genuine issue of material fact against the party seeking that special remedy. *Benefiel v. Pennsylvania Board of Probation and Parole,* 57 Pa. Commonwealth Ct. 401, 404, 426 A.2d 242, 244 (1981). For the reasons below, we deny Mr. Donnell's motion and grant summary judgment to the board.

Mr. Donnell has raised essentially four issues and contends that resolution of any one issue in his favor warrants immediate discharge from prison. First, Mr. Donnell argues that his parole officer failed to

visit him within twenty-four hours of when the board issued a detainer warrant for technical parole violations,[1] as mandated by 37 Pa. Code §71.2.[2]

The pleadings reveal that the board issued a detainer warrant on Friday, September 15, 1978 and that Mr. Donnell's parole officer visited him on Monday, September 18, 1978.

Section 1502(a)(1) of the Statutory Construction Act provides generally that the terms of that Act apply to the Pennsylvania Code.[3] In turn, 37 Pa. Code §71.5(j) specifically provides that "[t]he number of days set forth in this chapter [37 Pa. Code Chapter 71] shall be calculated as prescribed by Section 1908 of the Pennsylvania Consolidated Statutes (1 Pa. C. S.

---

[1] In a September 18, 1978 Notice of Charges and Hearing, informing the petitioner that he would be subject to a preliminary/detention hearing to determine probable cause for technical parole violations, the board charged Mr. Donnell with violating condition 2 of his parole (failing to report regularly to parole agent), condition 3 (changing approved residence without permission of agent), and condition 7 (failing to obtain permission to travel outside the Commonwealth).

[2] 37 Pa. Code §71.2 provides in pertinent part:

The following procedures shall apply in all cases where the parolee is charged with a violation of parole conditions other than arrest or conviction for a new criminal offense:

(1) Within 48 hours, if possible, of arrest and incarceration on the Board warrant, *or within 24 hours of the Board warrant being lodged as a detainer*, the parolee shall be visited by his parole agent or a representative of the Board. (Emphasis added.)

[3] 1 Pa. C. S. §1502(a)(1)(ii) provides in pertinent part:

(1) Except as otherwise provided in this part, the provisions of this part shall apply to the following unless the General Assembly or the agency adopting the document shall provide otherwise:

* * *

(ii) Every document codified in the Pennsylvania Code except legislative, judicial and home rule charter documents.

§1908).'' Section 1908 provides that whenever any "period of time" referred to in any statute shall fall on Saturday or Sunday, such days shall be omitted from our computation.[4]

Thus, even if we construe the facts in a light most favorable to Mr. Donnell and accept his argument that his parole officer failed to visit him before Monday, September 18, we must exclude Saturday, September 16 and Sunday, September 17 as a matter of law from our computation and therefore must reject Mr. Donnell's position on this issue.

Second, Mr. Donnell contends that the board violated his due process rights under *Morrissey v. Brewer,* 408 U.S. 471 (1972) (for revocation hearings, parolee entitled to written notice of claimed parole violations, disclosure of evidence against him, and opportunity to be heard),[5] by revoking his parole for a subsequent conviction[6] without first providing him with formal written notice of the charges.

We have reviewed the Notice of Charges and Hearing which the petitioner received on November 7, 1980, however, and find it sufficiently informative to meet the *Morrissey* standard because (1) under the "charges" section, the notice documents Mr. Donnell's arrest in Maryland, describes the federal charge and

---

[4] Our counting cannot be rationally affected by the mere semantics of the contention that 37 Pa. Code §71.2 uses "twenty-four hours" rather than "one day."

[5] *See also Commonwealth ex rel. Rambeau v. Rundle,* 455 Pa. 8, 314 A.2d 842 (1973).

[6] While Mr. Donnell was on parole, after serving time for a 1975 burglary and arson conviction, the Federal Bureau of Investigation arrested him in Port Deposit, Maryland on charges of transporting stolen property interstate. The chairman's certificate reveals that, at the preliminary hearing, Mr. Donnell informed the hearing examiner of his intention to plead guilty to this charge in federal district court; he did so and served a sentence in the U. S. Penitentiary at Lewisburg from October 31, 1978 to October 17, 1980.

lists the date of his conviction, (2) informs him of the board's plan to hold a violation and revocation hearing, (3) notifies him that the reverse side of the document describes his rights and (4), on that reverse side, defines a "revocation" hearing as that proceeding where the board has lodged a detainer as the result of a new conviction.[7] Thus, we reject the petitioner's *Morrisey* due process claim.

Third, the petitioner contends that the board's revocation of his parole rests, in part, on an erroneous finding of fact, *i.e.*, that he failed to obtain permission for travel to Maryland.

The pleadings do not reveal whether or not Mr. Donnell received permission to travel beyond his parole district. The board's answer denies petitioner's averment on that score and incorporates verbatim language from the chairman's certificate, which is of no help on the point, stating that "[a]lthough a Progress and Conduct Report, dated April 1977, indicated that the original parole agent involved . . . intended to give travel permission to Mr. Donnell, that agent has since retired, and the Board's records indicate no document giving travel permission. . . ."

We are mindful that we can grant summary judgment only in the clearest of cases where there is no doubt as to the absence of an issue of material fact, *Wolgemuth* at 398, 437 A.2d at 1331, quoting *Leach v.*

---

[7] Mr. Donnell also contends that by considering both technical and criminal violations against him at the same hearing, the board violated 37 Pa. Code §71.4, which applies when "the *only* violation charged is the conviction of a new criminal offense." (Emphasis added.) First, the pleadings do not indicate that the board necessarily proceeded under Section 71.4; in its amended Answer, the board denied this averment as a legal conclusion requiring no response.

Moreover, we have no legal source which indicates clearly that technical violations and a conviction cannot be heard together.

*Philadelphia Savings Fund Society,* 234 Pa. Superior Ct. 486, 492, 340 A.2d 491, 494 (1974).

However, whether or not Mr. Donnell had permission to travel to Maryland is of no moment, because even if we were to grant summary judgment to the petitioner and deny it to the respondent on this issue, such action would still not alter the fact that in its decision, the board also recommitted Mr. Donnell as a technical parole violator for failing to report regularly to his parole agent, a violation which the petitioner does *not* contest in his pleadings, and recommitted him as a convicted parole violator on the basis of his conviction in federal court. *See* 61 P.S. §331.21(a) (board, in its discretion, may recommit parolee any time after he has pleaded guilty to crime committed while on parole).

Consequently, because there are bases for sustaining the board's revocation of Mr. Donnell's parole independent of whether or not he received permission to travel to Maryland, we must reject the petitioner's position on this issue.

Finally, Mr. Donnell contends that, in violation of 37 Pa. Code §71.2, the board failed to hold a hearing for alleged technical parole violations within 120 days of his preliminary detention hearing.[8] Chapter 37 of the Pennsylvania Code, Section 71.5(c) provides, in part, that "[i]f the parolee is . . . in Federal custody, the Board may lodge its detainer but *all other matters shall be deferred* until the parolee has been returned to a state correctional facility in this Commonwealth." (Emphasis added.) *See Harris v. Pennsylvania Board of Probation and Parole,* 38 Pa. Commonwealth Ct. 391, 393 A.2d 510 (1978).

---

[8] 37 Pa. Code §71.2(11) provides in pertinent part:
If a Violation Hearing is scheduled, it will be scheduled as promptly as possible, but not later than 120 days of the Preliminary Hearing.

Here, the pleadings reveal that, after Mr. Donnell failed to report to his parole officer on June 9, 1978 and after his arrest on August 21, 1978, the board issued a detainer warrant on September 15, 1978 and lodged it with the warden of Lackawanna County Prison.

On September 28, 1978, the board gave the petitioner a preliminary hearing, rendering its decision on October 18, 1978 to return Mr. Donnell to prison as a technical parole violator "when available" and to schedule a violation hearing "at the appropriate time."

On September 29, 1978, Mr. Donnell appeared in the U.S. District Court for the Middle District of Pennsylvania and pleaded guilty to interstate transportation of stolen property; on that date he also posted bail.

From October 31, 1978 to October 17, 1980, Mr. Donnell served his sentence in federal prison on the federal charge; the board held a violation hearing on December 2, 1980, after agents of the board took custody of Mr. Donnell and transferred him to the State Correctional Institution at Graterford.

Thus, it appears that thirty-three days passed from September 28, 1978 (date of preliminary hearing) to October 31, 1978 (date of transfer to federal custody) and thirty-nine days from October 17, 1980 (date of return to Commonwealth custody) to November 25, 1980 (date of violation hearing), for a total of seventy-two days. Excluding time in federal custody, as mandated by 37 Pa. Code §71.5(c), the board appears to have held Mr. Donnell's violation hearing within 120 days of his preliminary hearing.

The petitioner contends that we should not exclude the time he spent in federal custody from our 120-day calculation because, although the board issued an order on October 20, 1978 authorizing the warden of

272

Lackawanna County Prison to release the petitioner into the custody of his parole agent to return him to a state institution, the agent failed to do so. Instead, the chairman's certificate reveals that the county prison authorities may have released Mr. Donnell directly to the U. S. Marshall without the parole agent's knowledge.

We cannot see how the validity of Mr. Donnell's transfer obviates the fact that he served a sentence in federal prison as the result of his conviction in federal court. The validity of his transfer is not at issue; 37 Pa. Code §71.2 is, and it requires that we exclude time spent in federal custody. The hearing was not untimely.

Accordingly, we will grant the board's motion for summary judgment.

ORDER

Now, December 8, 1982, petitioner's motion for summary judgment is denied, and the cross-motion of the Pennsylvania Board of Probation and Parole for summary judgment is granted.

