Walter Jackson, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Robert A. Greevy,* Chief Counsel, with him *Arthur R. Thomas,* Assistant Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, May 5, 1983:

Walter Jackson (petitioner) appeals here an order of the Pennsylvania Board of Probation and Parole (Board) under which he was recommitted as a convicted parole violator.

The petitioner was originally sentenced on November 15, 1971 and sent to the State Correctional Institution at Graterford. On July 4, 1978, he was released on parole. Subsequently, and while still on parole, the

petitioner was arrested on new criminal charges, including robbery. The Board lodged a detainer and, after hearings, revoked the parole and ordered recommitment when available. The petitioner was sentenced to a term of two to four years by the Court of Common Pleas of Bucks County and he remained incarcerated in the Bucks County Prison until transferred to Graterford in January of 1980. Effective October 6, 1980, the Board paroled the petitioner relative to the Bucks County offense, but reaffirmed its prior order recommitting him as a convicted parole violator.

The petitioner argues that the Board, pursuant to Section 21.1 of the Act of August 6, 1941 (Act), P.L. 861, added by the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. §331.21a, should have required him to serve the sentence from which he was originally paroled before beginning to serve time on the new offense. Because, as he argues, the Board erred in not following the mandate of the Act, it lost jurisdiction over the petitioner and hence lost its power to recommit him.

Section 21.1 of the Act, in pertinent part, provides:

If a new sentence is imposed upon such parolee, the service of the balance of said term originally imposed shall precede the commencement of the new term imposed in the following cases:

(1) If a person is paroled from any State penal or correctional institution under the control and supervision of the Department of Justice and the new sentence imposed upon him is to be served in any such State penal or correctional institution.

(2) If a person is paroled from a county penal or correctional institution and the new sentence imposed upon him is to be served in the same county penal or correctional institution.

> *In all other cases, the service of the new term*
> *for the latter crime shall precede commencement*
> *of the balance of the term originally imposed.*

(Emphasis added.)

It is obviously true that a parolee must sometimes serve the balance of his original sentence before commencing the term for a new offense. It is also clear, however, that the sentence imposed upon the petitioner here for the new offense was to be served in a county prison not the state institution from which he had been paroled.[1] The petitioner argues, of course, that the transfer from the Bucks County Prison to the Graterford State Correctional Institution in January of 1980, after he had already served some time on the new offense at the county facility would place the case within the ambit of Section 21.1(a)(1) of the Act and mandate service of the balance of the original sentence before the beginning of any new term. We agree with the Board, however, that this transfer, for whatever reason,[2] does not affect the fact that the sentence, at the time of imposition, was to be served in the Bucks County Prison, and that, therefore, the language of the Act obviously mandates service of the new term first.

Finding no error of law or abuse of discretion, *Benefiel v. Board of Probation and Parole*, 57 Pa. Commonwealth Ct. 401, 426 A.2d 242 (1981), we must, therefore, affirm the order of the Board.

### ORDER

AND NOW, this 5th day of May, 1983, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby affirmed.

---

[1] The trial judge employed Section 9762(2) of the Judicial Code, 42 Pa. C. S. §9762(2), which provides that prisoners sentenced to a maximum term of two or more years but less than five years may be committed to the county prison within the jurisdiction of the court.

[2] The Board argues in its brief to this Court that the transfer was due to over-crowding at the Bucks facility.