Robert Gartner, Petitioner *v*. Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Ron Turo,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, December 16, 1983:

Robert Gartner, the petitioner and parolee, has appealed from denial of administrative relief following revocation of his parole by the Pennsylvania Board of Probation and Parole. His motion for summary judgment[1] is presently before this court and raises the following questions: (1) Did the board erroneously admit hearsay evidence over timely objection in denial of Gartner's right to confront witnesses? (2) Did the board place Gartner in double jeopardy by finding

[1] Pa. R.A.P. 1532(b) provides that the court may enter summary judgment if the right of the applicant thereto is clear whether the proceeding is in the court's appellate or original jurisdiction. The note following section 1532(b) indicates that the rule is a generalization of Pa. R.C.P. No. 1098 (peremptory judgment). In *Wolgemuth v. Kleinfelter,* 63 Pa. Commonwealth Ct. 395, 437 A.2d 1329 (1981), we stated that "in determining whether to grant a motion for peremptory judgment . . . a court is to be guided by the standards governing disposition of motions for summary judgment." *Id.* at 398, 437 A.2d at 1331. Accordingly, we must view all of the evidence in the light most favorable to the non-moving party, and enter judgment only in the clearest of cases where there is not the slightest doubt as to the absence of an issue of material fact. *Donnell v. Pennsylvania Board of Probation and Parole,* 70 Pa. Commonwealth Ct. 265, 453 A.2d 36 (1982).

that his possession of weapons violated two separate parole conditions?

Gartner had been incarcerated for five years, serving a five-to twelve-year sentence in the State Correctional Institution at Camp Hill, and was paroled on March 30, 1979. On March 30, 1983, the board ordered Gartner recommitted for twenty-four months backtime as a technical parole violator of four general and one special condition of his parole.[2]

Gartner claims that the evidence introduced at the revocation hearing consisted entirely of hearsay, and that his counsel timely objected. Specifically, Gartner claims that his constitutional[3] and statutory[4] rights to confront and cross-examine witnesses were violated because the parole agent who filed the charges was not

---

[2] The conditions are:

#3: Live at the residence approved by the Board at release and not change residence without the written permission of the parole supervision staff.

#5: Notify the parole supervision staff within 72 hours of any arrest.

#7: Report in person or in writing within 48 hours to the district office or suboffice specified by the Board and not leave that district without prior written permission of the parole supervision staff.

#9: Refrain from owning or possessing any firearms or other weapons.

#11: Possession or control of any weapon shall constitute a direct violation of parole.

[3] In *Morrissey v. Brewer*, 408 U.S. 471 (1972), the Supreme Court held that the fifth amendment right to confront witnesses is guaranteed to parolees at a state parole revocation proceeding via the fourteenth amendment.

[4] 37 Pa. Code §71.2(16) provides:

The representatives of the Board who are familiar with the facts which constitute the alleged violation will be present to testify as shall any persons upon whose testimony the alleged violations are based, unless the Board or its designated Examiner has specifically found good grounds for not allowing confrontation.

present at the hearing; rather, Parole Supervisor Comiskey read the agent's affidavit into evidence.

A careful review of the record reveals that, contrary to Gartner's allegations, his counsel did *not* timely object to the parole supervisor reading the affidavit of Agent Richardson into evidence. In fact, Gartner's counsel stated on the record that he had no objection to the format of the presentation of the evidence.[5]

Gartner's reliance on *Razderk v. Pennsylvania Board of Probation and Parole,* 76 Pa. Commonwealth Ct. 176, 463 A.2d 111 (1983), is misplaced because there we held only that technical incorrectness of counsel's objection to hearsay (lack of specificity) is not fatal to the parolee's fundamental right to confront and cross-examine witnesses. *Razderk* did not disturb the well established rule that confrontation rights can be waived, and if no objection is voiced to the introduction of hearsay evidence at a revocation hearing, a parolee cannot later challenge its admission. *Heckrote v. Pennsylvania Board of Probation and Parole,* 77 Pa. Commonwealth Ct. 131, 465 A.2d 118 (1983). "Indeed it is not the introduction of hearsay evidence at a revocation hearing which is error but the admission of hearsay over objection without a finding

---

[5] At the start of the revocation hearing, the following exchange took place between board member Mr. Forbes and Gartner's attorney, Mr. Turo. (N.T. 2)

Mr. Forbes: Okay. Okay Mr. Gartner, Mr. Comiskey, in lieu of your agent who is, resides in (inaudible) Erie, will be reading your violations as specified and supporting evidence to each violations. Counsel, if you have no objections, Mr. Comiskey has posted the possibility of reading all the violations and supporting evidence and then allowing you and the client to make statements regarding all of the violations as specified and the supporting evidence.

Mr. Turo: I have no problem with that.

Mr. Forbes: Okay. You may begin Mr. Comiskey.

of good cause." *Sinwell v. Pennsylvania Board of Probation and Parole,* 46 Pa. Commonwealth Ct. 429, 432, 406 A.2d 597, 599 (1979).

Gartner's counsel did object to certain hearsay statements and documents offered to prove violation of condition No. 5. The board's decision indicates that it relied upon the same evidence in finding that condition No. 5 had been violated. In that respect, the board erred.[6]

There is substantial evidence of record, to which Gartner's counsel made no objection, supporting violations of general conditions No. 3, No. 7, and No. 9, and special condition No. 11, which alone provide ample justification for revocation of Gartner's parole. However, it is not clear that the board would recommit for the same amount of backtime in the absence of a valid finding of violation of condition No. 5.[7] Therefore, we will remand for further findings with regard to violation of condition No. 5, and possible recomputation required for that and the following reasons.

Gartner's second contention is that the board has placed him in double jeopardy by finding that his possession of weapons violated both general condition No. 9 and special condition No. 11.

A finding of a violation of a special condition enabled the board to aggregate time periods set forth in

---

[6] Hearsay evidence, erroneously admitted over timely objection, cannot be considered in determining whether substantial evidence exists to sustain the revocation of parole. *Washington v. Pennsylvania Board of Probation and Parole,* 73 Pa. Commonwealth Ct. 432, 458 A.2d 645 (1983).

[7] *See Jones v. Pennsylvania Board of Probation and Parole,* 47 Pa. Commonwealth Ct. 438, 408 A.2d 156 (1979), where this court ordered the board to conduct a new hearing with respect to two parole violation charges which were supported on the record, where two other charges were based solely on hearsay and therefore were not supported by competent evidence.

the presumptive ranges of parole backtime at 37 Pa. Code §75.3-75.4. Therefore, the board's finding that condition No. 11 was violated in addition to No. 9 and the other violations of general conditions increased the presumptive range from 6-18 months to 9-36 months.

Section 23 of the Pennsylvania Board of Parole Act[8] empowers the board to prescribe special conditions for particular parolees in addition to general rules governing the conduct and supervision of persons placed on parole. The general conditions are enumerated at 37 Pa. Code §63.4 (reworded and renumbered as §§64.4(1)-(5)(iii)), and include No. 9 which, at all times pertinent hereto, provided: "Refrain from owning or possessing any firearm, deadly weapon or offensive weapon." Special condition No. 11 provides: "Possession or control of any weapon shall constitute a direct violation of parole."

Although the wording of the two conditions is slightly different, logically any violation of condition No. 9 would also be a violation of condition No. 11. "[A]ny weapon" inherently includes "any . . . offensive weapon";[9] therefore, there is no meaningful dis-

---

[8] Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. §331.23, provides:

Rules and regulations for conduct and supervision of paroled persons

The board shall have the power, and it shall be its duty, to make general rules for the conduct and supervision of persons heretofore or hereafter placed upon parole. In addition to the power to make general rules and regulations hereby granted, the board may, in particular cases, as it deems necessary to effectuate the purpose of parole, prescribe special regulations for particular parolees.

[9] We recognize that a multitude of objects which are benign in and of themselves, can be used in an offensive manner and thereby become weapons. However, these conditions do not speak in terms of use, but only in terms of ownership, possession and control. Therefore, the nature of the object in and of itself is determinative.

tinction between the weapons referred to in the two conditions. Moreover, although the terms "control" and "possess" have different meanings, conceptually one cannot control a weapon without also possessing it. Thus, any violation of condition No. 11 would also be a violation of condition No. 9, obviating any need for imposing the special condition except to increase the parolee's possible recommitment time.

Research has disclosed no legal authority permitting or requiring this court to view that redundancy in the constitutional terms of double peopardy. The brief for petitioner Gartner has supplied no authority on point; it cites only precedents dealing with the application of the double jeopardy doctrine to criminal convictions.

However, in accordance with the judicial policy that courts should not reach constitutional questions if it can decide a case upon non-constitutional grounds, *Ballou v. State Ethics Commission*, 496 Pa. 127, 436 A.2d 186 (1981), our conclusion is that the board's redundant imposition of special condition No. 11 necessarily means that the board has violated its own regulations in imposing an increased recommitment time on that basis. Although the board doubtless has authority to recommit for a period in excess of the presumptive ranges, the board's own regulations state that it must provide written justification for any deviation from the presumptive range. 37 Pa. Code §75.3 (c). The effect of imposing a special condition duplicative of a general condition here has been an increase of the possible recommitment time for the general condition violation, in the absence of any express justification of that deviation.

Therefore, the imposition of the redundant special condition No. 11, and the use of it as a foundation for an aggregation and extension of time periods, has been in violation of regulations.

■■■■■■■■■■■■■■■■■■■■■■■■

We therefore reverse and remand for recomputation of recommitment time on the basis that (1) no violation of condition No. 5 was established by substantial competent evidence, and (2) no special condition No. 11 validly existed or was violated.

Therefore, we conclude that the board abused its discretion by imposing special condition No. 11, and remand for recomputation of recommitment time in accordance with this opinion.

ORDER

Now, December 16, 1983, the order of the board, dated May 5, 1983, is reversed and remanded for computation of recommitment time on the basis that (1) no violation of condition No. 5 was established by substantial competent evidence, and (2) no special condition No. 11 validly existed or was violated.

Jurisdiction relinquished.