Wallace Simpson, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs April 14, 1983, to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Timothy P. Wile*, Assistant Public Defender, for petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, *Jay C. Wald-man*, General Counsel, and *LeRoy S. Zimmerman*, Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., April 10, 1984:

Wallace Simpson has filed a petition for review, from a decision of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief from his recommitment as a technical parole violator. In challenging the recommitment, Simpson alleges that a Board parole agent had told him that his parole had been completed. Based on that allegation, Simpson asserts, in a motion for summary judgment, that the Board was estopped from recommitting him as a parole violator.

Simpson was sentenced in 1964 to a term of imprisonment of from 10 to 20 years for murder. In September of 1979, he was released on parole. Some time after April 1980 Simpson ceased reporting to the parole supervision staff. On May 10, 1981, he was arrested in Delaware County, Pennsylvania, on charges of simple and aggravated assault, reckless endangerment, and various weapons offenses in con-

nection with a shooting which occurred on August 22, 1980. On October 16, 1981, he was convicted of all those charges.

On August 20, 1981, the Board issued Simpson notice of charges and a hearing on alleged technical parole violations. Two of the alleged violations—failure to report regularly to the Board parole agent, and changing his address without the permission of his supervising agent—were unrelated to the arrest on May 10, 1981. He was also charged with technical violations in connection with the May 1981 arrest for owning and possessing a firearm, and for behavior which constituted a clear and present danger to another person. A full board hearing on the charges was held on October 27, 1981. At the hearing, Simpson testified that his parole agent had been William R. Zimmer III; and that Zimmer had told him, in April of 1980, that his parole had been completed and that the file had been closed. Simpson's testimony notwithstanding, the Board, on October 30, 1981, ordered him recommitted to 18 months on "backtime" for technical parole violations.

In an affidavit accompanying his motion for summary judgment, Simpson renews his allegation about the representation by Zimmer. Simpson's affidavit also states that he repeatedly requested the Board to produce Zimmer to confirm having made the representation alleged. The Board did not honor that request, explaining that Zimmer was no longer employed by the Board and that his whereabouts were unknown to the agency.[1]

---

[1] In the instant proceeding, the Board has submitted an affidavit of the Board's chairman, stating that Zimmer resigned his position in September 1980 and could not be contacted up to and including the date of that affidavit.

The Board also has filed a motion for summary relief, asserting that there is no genuine issue of material fact, and that judgment should be entered in favor of the Board.

In order for us to enter a summary judgment, there are two elements which must be present: (1) the movant's right must be clear; and (2) all the evidence, viewed in a light most favorable to the non-moving party, leaves not the slightest doubt as to the absence of a genuine issue of material fact. *Gartner v. Pennsylvania Board of Probation and Parole,* 79 Pa. Commonwealth Ct. 141, 469 A.2d 697 (1983); *Donnell v. Pennsylvania Board of Probation and Parole,* 70 Pa. Commonwealth Ct. 265, 453 A.2d 36 (1982). By those standards, it is clear that Wallace Simpson is not entitled to summary judgment in his favor. First, it is quite evident that the parties are in conflict as to whether Zimmer did in fact advise Simpson that his parole was completed. Moreover, even if Simpson was given misinformation regarding his parole status, that fact would not, in the circumstances of this case, negate the validity of his being recommitted. Such misinformation might excuse a failure to report regularly and to notify the Board of a change of address —obligations which existed solely due to his status as a parolee. However, such misinformation, if it occurred, could hardly excuse assaultive behavior on another person. Thus, even if the Board were estopped from relying on Simpson's failure to report, and on his failure to obtain permission to change his address, his recommitment as a technical parole violator is sustainable on the independent basis of his assaultive behavior in August of 1980. *Donnell.*[2]

---

[2] It should be noted that, as a result of another Board hearing held on February 3, 1982, Simpson was ordered recommitted for 40 months of "backtime" as a *convicted* parole violator.

Accordingly, we must deny Simpson's motion for summary judgment. At the same time, because of the record in this case, we must grant the Board's motion.

### ORDER

AND Now, this 10th day of April, 1984, Petitioner's motion for summary judgment is denied. The Respondent's motion for summary judgment is granted.