**Wilcha v. Lakeland School District Board of Education**

*Patrick M. Rogan,* for plaintiffs.
*James A. Kelly,* for defendants.

MUNLEY, *J.,* August 2, 1994—Before the court for disposition is the plaintiff's motion for peremptory judgment, filed pursuant to Pa.R.C.P. 1098, 42 Pa.C.S. This mandamus action arises from a dispute between the parties regarding the minor plaintiff's transportation to and from her classes at Scranton Preparatory School. The parties have briefed their respective positions, and an evidentiary hearing was held on May 19, 1994. Prior to the hearing, a temporary order was entered on April 8, 1994, granting the plaintiff's preliminary relief.

Initially, we note our standard of decision in passing upon a motion for peremptory judgment in a mandamus action:

"In determining whether to grant a motion for peremptory judgment . . ., [the] court is to be guided by the standards governing disposition of motions for summary judgment . . . in making its decision, '[t]he court must consider both the record actually presented and the record potentially possible at the time of trial[,]' . . . and judgment [may] be entered 'only in the clearest of cases where there is not the slightest doubt as to the absence of an issue of material fact . . . .' '[T]he burden of demonstrating that no genuine issue of material fact

exists and that one is entitled to judgment as a matter of law is on the moving party, and the record must be examined in the light most favorable to the non-moving party. . . .' " *Wolgemuth v. Kleinfelter,* 63 Pa. Commw. 395, 398, 437 A.2d 1329, 1331 (1981). (citations omitted)

The facts of this case are straightforward. The minor plaintiff resides in the Borough of Jermyn, within the territorial boundaries of the Lakeland School District. The defendants have established and implemented a program for transporting Lakeland School District students to and from classes within the district.

Pennsylvania law mandates that school districts providing free transportation for public school students must also make identical provision for free transportation of district resident students attending not for profit nonpublic schools lying within a distance from the district's boundaries not exceeding 10 miles by the nearest public highway. Specifically, 24 P.S. §13-1361(l) provides as follows:

"The board of school directors in any school district may, out of the funds of the district, provide for the free transportation of any resident pupil to and from the kindergarten, elementary school, or secondary school in which he is lawfully enrolled, provided that such school is not operated for profit and is located within the district boundaries or outside the district boundaries at a distance not exceeding 10 miles by the nearest public highway, except that such 10-mile limit shall not apply to area vocational technical schools which regularly serve eligible district pupils or to special schools and classes approved by the Department of Education, and to and from any points within or without the Commonwealth in order to provide field trips for any purpose connected with the educational pursuits

of the pupils. When provision is made by a board of school directors for the transportation of public school pupils to and from such schools or to and from any points within or without the Commonwealth in order to provide field trips as herein provided, the board of school directors shall also make identical provision for the free transportation of pupils who regularly attend nonpublic kindergarten, elementary and high schools not operated for profit to and from such schools or to and from any points within or without the Commonwealth in order to provide field trips as herein provided. Such transportation of pupils attending nonpublic schools shall be provided during regular school hours on such dates and periods that the nonpublic school not operated for profit is in regular session, according to the school calendar officially adopted by the directors of the same in accordance with provisions of law. The board of school directors shall provide such transportation whenever so required by any of the provisions of this act or of any other act of assembly."

The defendants have offered to provide minor plaintiff with free transportation to and from Prep via common carrier, specifically the Colts bus system. The parents of the student objected, inter alia, to use of the Colts system because it would, in the 1994 school year, have required her to board the morning bus for a 40 minute ride which would place her at school 50 minutes prior to the start of her homeroom class. Similarly, after school she would have to wait 55 minutes to be picked up for a 45 minute ride home.[1]

---

1. The parents of Megan Mulderig objected to use of the Colts system for other reasons as well, but these do not form the basis for the motion at bar.

Essentially, the plaintiff argues that these time periods impermissibly vary in scope from those experienced by students for whom the defendants provide transportation to public schools with the district.[2] These time variances are alleged to run afoul of the "identical provision" clause of section 13-1361(1). While the term "identical provision" is not defined in the Public School Code of 1949, the plaintiff relies upon a definition appearing in certain guidelines for the implementation of the Code. These guidelines, issued by the Commonwealth of Pennsylvania, Department of Education, provide in pertinent part as follows:

"Identical provisions means that ... [v]ariances from hours of regular sessions occurring in daily time schedules for transportation of pupils to and from nonpublic schools may not exceed variances from hours of regular school sessions occurring in daily time schedules for transportation of pupils to and from public schools." Pennsylvania Department of Education, Guidelines for Implementation of Act 372 of 1972 Affecting Pupil Transportation.

The plaintiff urges us to find that the above cited definition constitutes a mandate that the defendants must see to it that the student is transported to and from school in no more time than it takes to transport Lakeland's public school students. Moreover it is argued that the defendants may not transport the plaintiff student in such a way as to place her at school prior to the

---

2. At the conclusion of the hearing counsel for both sides was directed to provide the court with a chart depicting their understanding of the time variances involved. The defendants failed to do so. The plaintiff's chart is reproduced at plaintiff's Exhibit "A" [See page 375].

start of homeroom, or to make her wait more than seven minutes for her ride home, for as the chart in note 2 illustrates, this is not the case with respect to Lakeland's public school students. This is the gravamen of the plaintiff's claim.

The defendants' failure to provide the court with a contrary version of the plaintiff's time variance chart compels the conclusion that they do not dispute the data contained therein. Accordingly, we find that no issue of material fact exists with respect to the time variances. However, the court takes judicial notice that beginning in the fall of 1994 classes at Prep will begin at 8:20 a.m. and end at 2:35 p.m.,[3] with school doors open no later than 7:30 p.m. Thus, the revised schedule at Prep renders the time variance de minimis.

However, the exacting standard of decision set forth above also requires the movant to demonstrate that she is entitled to judgment as a matter of law. Viewing the record in the light most favorable to the defendants, as the nonmoving parties, the administrative definition of "identical provision" within the meaning of section 13-1361(1) is ambiguous at best. It is unclear whether the language employed therein supports the interpretation which the plaintiff would have us adopt; for if the Department of Education, or for that matter, the legislature, had meant to require that school districts transport nonpublic school students to and from school in precisely the same elapsed time as public school students, and with no greater waiting intervals either

---

3. We take judicial notice that Colts provides bus service between Scranton and the Borough of Jermyn daily, with a pickup at Prep at 2:45 p.m.

before or after school, they easily could have done so and would have specifically stated thus.

Finally, even if we were to adopt the plaintiff's interpretation of the administrative definition, neither our research nor the plaintiff's brief reveals any statute or case law vesting the definition in the guidelines with the force of law. Given our exacting standard of decision, the ambiguity of the administrative definition and the absence of guidance from our appellate courts, we decline to hold that the definition in question is binding authority or that it carries the full force of law necessary to entitle the plaintiff to peremptory judgment. Moreover, the de minimis nature of the time variances as of the fall of 1994 militate against peremptory judgment in this case. Accordingly, the plaintiff's motion shall be denied.

## ORDER

Now, to wit, August 2, 1994, upon close scrutiny of the record, as well as the briefs and arguments of able counsel, the plaintiff's motion for peremptory judgment is hereby denied.

It is further ordered that our preliminary order entered on April 8, 1994 is vacated.

---

## PLAINTIFF'S EXHIBIT "A"

| SCHOOL | BUS PICK-UP | BUS DROP-OFF A.M | SCHOOL START |
|---|---|---|---|
| Lakeland | 7:30 am | 8:20 am | 8:20 am |
| | 50 min | 00 min | |
| | | 50 min | |

| | | | |
|---|---|---|---|
| Prep | 7:15 am | 7:55 am | 8:45 am |
| | 40 min | 50 min | |
| | | 90 min | |
| | SCHOOL END | BUS PICK-UP | BUS DROP-OFF |

P.M.

| | | | |
|---|---|---|---|
| Lakeland | 2:58 pm | 3:05 pm | 4:00 pm |
| | 7 min | 55 min | |
| | | 62 min | |
| Prep | 3:00 pm | 3:55 pm | 4:40 pm |
| | 55 min | 45 min | |
| | | 100 min | |

PREP VARIANCES EXCEED
LAKELAND VARIANCES BY:
AM...................... 40 min
PM............................ 38 min
DAILY................................. 78 min (1 hr 18 min)
WEEKLY................................. 390 min (6 hr 30 min)