## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John G. Myers and Cecelia A. Reihl,  :
               Petitioners  :
                 :
            v.  :
                 :
Commonwealth of Pennsylvania,  : No. 706 F.R. 2014
               Respondent  : Argued: October 7, 2015


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
                 HONORABLE BERNARD L. McGINLEY, Judge
                 HONORABLE ROBERT SIMPSON, Judge
                 HONORABLE MARY HANNAH LEAVITT, Judge
                 HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE ANNE E. COVEY, Judge


OPINION
BY JUDGE McGINLEY                FILED: November 24, 2015

The Commonwealth of Pennsylvania (Commonwealth) applies for summary relief and asserts that the petition for review by John G. Myers and Cecelia A. Reihl (Taxpayers) should be dismissed.


The Taxpayers are members of BJ's Wholesale Club, Inc. (BJ's).[1] At various times, the Taxpayers purchased items at BJ's using coupons. BJ's assessed Pennsylvania Sales Tax on the full price of the items and not the full price minus the coupon. On August 8, 2013, the Taxpayers filed a purported class action law suit against BJ's in the Court of Common Pleas of Philadelphia County (common pleas court). They sought to recover, directly from BJ's, sales taxes that BJ's

---

[1]     BJ's is an intervenor here.

allegedly collected from the Taxpayers. BJ's preliminarily objected to the Taxpayers' Amended Complaint on the basis that the Taxpayers failed to exhaust their administrative remedies with the Department of Revenue (Department) prior to commencing the litigation.

On June 13, 2014, the Taxpayers petitioned the Department and sought a refund of sales taxes allegedly overcharged by BJ's. The Taxpayers alleged that they paid $3.56 in sales tax and the tax should have been lower after the coupons were taken into account. On June 25, 2014, the common pleas court stayed the litigation until the Department had an opportunity to address and rule on the relevant tax issues. The Department scheduled a hearing for July 23, 2014. Shortly before the hearing, the Taxpayers withdrew the petition for refund.

The Taxpayers then submitted a request for letter ruling to the Department's Office of Chief Counsel and asked for a determination of whether BJ's illegally imposed sales tax on the discounted portion of otherwise taxable goods. The Department's Office of Chief Counsel determined:

> As you are aware, pursuant to Department regulations, amounts representing manufacturer's coupons or discounts shall be excluded from the taxable purchase price of a product if both the items purchased and the coupons are described on the cash register tape. . . . If both the original purchase price of the product bought, and the coupon or discount at issue are noted on the cash register tape produced by the retailer, so that the coupon can be specifically tied to the item against which it is applied, the retailer should impose the sales tax on the amount actually paid by the customer only, not the original price of the item or items purchased.

Regarding the two receipts enclosed with your letter, although the items purchased appear to be adequately described on those receipts, the coupons themselves are not fully described. All that is contained on the receipt is 'SCANNED COUP.' Nothing indicates to which item the coupon relates. In the context of a transaction where only one item is being purchased and only one coupon is being redeemed, it may be reasonable to conclude that the coupon relates to the item. However, in the context of a transaction where more than one item is being purchased, coupon description is critical to determine whether sales tax is being properly charged. Therefore, the taxable purchase price should *not* have been reduced in either of these circumstances. (emphasis in original).

Letter from Lora Kulick, Senior Counsel, Pennsylvania Department of Revenue, August 13, 2014, at 1.

On August 28, 2014, the Taxpayers sought reconsideration of the August 13, 2014, ruling and added two additional sales tax transactions and challenged the Department's authority to promulgate 61 Pa.Code §33.2(b)(2) which involves the calculation of sales tax. On November 5, 2014, the Department's Office of Chief Counsel responded with a second letter ruling which confirmed the earlier letter ruling that the sales tax was correctly calculated.

On November 12, 2014, the Taxpayers appealed to the Board of Finance and Revenue (Board) and sought to overturn the two letter rulings. On November 24, 2014, the Board's Acting Secretary, Thomas Watson (Secretary Watson), informed the Taxpayers that the Board "does not have the authority to reverse a Departmental Letter Ruling. The Letter Ruling is simply the Department's position on an issue." Email from Thomas Watson, Acting Secretary of the Department of Revenue, November 24, 2014, at 1. Secretary Watson also

3

informed the Taxpayers that the Board only had the authority to reverse an order of the Board of Appeals.

The Taxpayers then petitioned for review with this Court. The Taxpayers asked this Court to reverse the Board's November 24, 2014, decision and to remand to the Board to rule on the Taxpayers' appeal of the letter rulings.

The Commonwealth applies for summary relief and asserts:

1. The above-captioned matter purports to be an appeal from a determination of the Board of Finance and Revenue.

2. The dispute between the parties concerns a question of law – whether an advisory opinion issued by the Department of Revenue may be appealed.

3. The statutory section regarding Department of Revenue advisory opinions provides no right to appeal. 72 P.S. § 3310-303.[2]

4. The Department of Revenue has promulgated no regulations regarding advisory opinions.

5. The Board of Finance and Revenue, the tribunal responsible for reviewing determinations of the Department of Revenue, does not have authority to review advisory opinions issued by the Department of Revenue. 72 P.S. §§503, 1103, and 9704.

6. For the reasons explained in the Commonwealth's Memorandum Of Law In Support Of Its Motion For

2 Section 303 of the Taxpayer's Bill of Rights, 72 P.S. § 3310-303, Act of December 20, 1996, P.L. 1504, *as amended*.

> Summary Relief, which is being filed contemporaneously with this Application, the Commonwealth is entitled to judgment in its favor as a matter of law.

Respondent's Application for Summary Relief Pursuant to Pa.R.A.P. 1532(b), March 16, 2015, Paragraph Nos. 1-6 at 1-2.[3]

The Department contends that the advisory opinions it issues are not appealable and that the Board lacks the authority to review advisory opinions issued by the Department.

Pa.R.A.P. 1532(b) provides that "[a]t any time after the filing of a petition for review in an appellate or original matter the court may on application enter judgment if the right of the applicant thereto is clear." "An application for summary relief is properly evaluated according to the standards for summary judgment." McGarry v. Pennsylvania Board of Probation and Parole, 819 A.2d 1211, 1214 n.7 (Pa. Cmwlth. 2003) citing Gartner v. Pennsylvania Board of Probation and Parole, 469 A.2d 697 (Pa. Cmwlth. 1983). "In deciding a motion for summary judgment, an application for summary relief may be granted if a party's right to judgment is clear . . . and no issues of material fact are in dispute." Id. at 1214 n.7. (citation omitted).

The Commonwealth contends that the letter ruling, which is an advisory opinion, is unappealable. Section 303 of the Taxpayer's Bill of Rights, 72 P.S. § 3310-303, provides:

---

[3] BJ's petitioned to intervene on April 13, 2015. This Court granted the petition on May 15, 2015.

5

With respect to taxes administered by the secretary, the secretary shall be required to render advisory opinions within 90 days of the receipt of a petition for such an opinion. This period may be extended by the secretary, for good cause shown, for no more than 30 additional days. An advisory opinion shall be rendered to any person subject to a tax or liability under this act or claiming exemption from a tax or liability. In the discretion of the secretary, they may also be rendered to any nontaxpayer, including, but not limited to, a local official, petitioning on behalf of a local jurisdiction or the head of a State agency petitioning on behalf of the agency. Advisory opinions, which shall be published and made available to the public, shall not be binding upon the secretary except with respect to the person to whom such opinion is rendered. A subsequent modification by the secretary of an advisory opinion shall apply prospectively only. A petition for an advisory opinion, shall contain a specific set of facts, be submitted in the form prescribed by the secretary and be subject to the rules and regulations as the secretary may promulgate for procedures for submitting such a petition.

The Commonwealth is correct that there is no provision in the Taxpayer's Bill of Rights for an appeal of an advisory opinion.

Further, the Commonwealth asserts that the Board does not have the authority to review advisory opinions issued by the Department like the letter ruling. Section 2702(a) of the Tax Reform Code of 1971 (Code),[4] 72 P.S. §9702(a), provides that a taxpayer may file a petition for reassessment with the Department within ninety days after the mailing date of the assessment. Section 2704(a) of the Code, 72 P.S. §9704(a), provides that a taxpayer has ninety days

---

[4] Act of March 4, 1971, P.L. 6, *as amended*. This section was added by the Act of October 18, 2006, P.L. 1149.

from the mailing date of the Department's notice of a decision on a petition for reassessment to appeal to the Board.

Similarly, Section 30003.1(a) of the Code, 72 P.S. §10003.1(a),[5] provides:

> For a tax collected by the Department of Revenue, a taxpayer who has actually paid tax, interest or penalty to the Commonwealth or to an agent or licensee of the Commonwealth authorized to collect taxes may petition the Department of Revenue for refund or credit of the tax, interest or penalty. Except as otherwise provided by statute, a petition for refund must be made to the department within three years of actual payment of the tax, interest or penalty.

Section 30003.1(e) of the Code, 72 P.S. §10003.1(e), provides:

> A taxpayer may petition the Board of Finance and Revenue to review the decision and order of the department on a petition for refund. The petition for review must be filed with the board within ninety days of the mailing date of a decision and order of the department upon a petition for refund.

For both the petition for refund and the petition for assessment, there is a statutory provision for a taxpayer to appeal to the Board. There is no such provision for an appeal of a letter ruling.

The Taxpayers argue that the Department's regulation, 61 Pa.Code §701.2, which addresses petitions for refunds before the Board provides support

---

[5] This section was added by the Act of July 1, 1985, P.L. 78.

7

for their position. 61 Pa.Code §701.2, which is entitled "Petitions for refunds," provides, "Petitions for refund or review shall be filed with the Board of Finance and Revenue. . . ." The Taxpayers assert that the use of the phrase "petitions for refund or review" means that there are two separate petitions and neither include nor address the same subject matter.

This Court disagrees. This regulation is called "Petitions for refunds." Further, Section 30003.1(e) of the Code, 72 P.S. §10003.1(e), calls the appeal from the denial of a petition for refund a "petition for review." This Court agrees with the Commonwealth that the reference to a "petition for review" in the regulation is not evidence that the Board is authorized to review advisory opinions issued by the Department.

After reviewing the pleadings and accompanying briefs, this Court determines that the Commonwealth has a clear right to relief and no issues of material fact are in dispute. Accordingly, this Court grants the Commonwealth's

application for summary relief and dismisses the Taxpayers' petition for review with prejudice.[6]

_____

BERNARD L. McGINLEY, Judge

---

[6]     The Taxpayers argue that Stoloff v. Neiman Marcus Group, Inc., 24 A.3d 366 (Pa. Super. 2011) supports their position. In Stoloff, Vanessa Stoloff (Stoloff) purchased a black jersey dress over the telephone from a catalog of the Neiman Marcus Group, Inc. (Neiman Marcus). Neiman Marcus added Pennsylvania sales tax of six percent to the cost of the dress. Stoloff commenced a class action lawsuit in the Court of Common Pleas of Philadelphia County against Neiman Marcus and alleged breach of contract, unjust enrichment, violation of the consumer protection law, and conversion. Stoloff sought equitable relief as well. Neiman Marcus preliminarily objected and asserted that the Court of Common Pleas of Philadelphia County lacked subject matter jurisdiction because Stoloff failed to exhaust her administrative remedies with the Department. The Court of Common Pleas of Philadelphia County sustained the preliminary objections and dismissed the class action. Stoloff, 24 A.3d at 372.

Stoloff appealed to the Pennsylvania Superior Court which determined that the overall complaint sought relief which the Department was unable to grant so the Court of Common Pleas of Philadelphia County erred when it dismissed the complaint for failure to exhaust administrative remedies. However, the Superior Court determined that the actual tax refund claims belonged with the Department. While the Department had issued an advisory opinion, the Superior Court stated that opinion was not before the Common Pleas Court of Philadelphia County at the preliminary objections stage. The Superior Court remanded the case to the Court of Common Pleas of Philadelphia County and directed it to reinstate the complaint, stay the action, and refer the tax refund issues to the Department if Stoloff desired to file the appropriate petition with the Department. Stoloff, 24 A.3d at 372-374.

While Stoloff does address tax refund issues and a separate common pleas court action, the Superior Court in Stoloff ordered a remand with instructions for the Court of Common Pleas of Philadelphia County to refer tax refund matters to the Department if Stoloff decided to file a petition. Even though the Department had issued an advisory opinion, as it has in the present case, the Superior Court still ordered Stoloff to file a petition for refund if she wanted a tax refund. The advisory opinion could not serve as a petition for refund. Stoloff does not support an appeal of an advisory opinion to the Board.

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John G. Myers and Cecelia A. Reihl,   :
            Petitioners   :
  :
       v.   :
  :
Commonwealth of Pennsylvania,   :   No. 706 F.R. 2014
          Respondent   :

## **O R D E R**

AND NOW, this 24th day of November, 2015, the application for summary relief of the Commonwealth of Pennsylvania is sustained and the petition for review of John G. Myers and Cecelia A. Reihl is dismissed with prejudice. Unless exceptions are filed within 30 days pursuant to Pa. R.A.P. 1571(i), this order shall become final.

_____
BERNARD L. McGINLEY, Judge