The Physical Therapy Institute, Inc., : 
      Petitioner  : 
            : 
    v.      :  No. 1599 C.D. 2018 
            :  Submitted: May 6, 2019 
Bureau of Workers' Compensation Fee : 
Review Hearing Office (Donegal  : 
Mutual Insurance Company),   : 
      Respondent : 

BEFORE: HONORABLE MARY HANNAH LEAVITT, President Judge 
     HONORABLE RENÉE COHN JUBELIRER, Judge 
     HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge 

OPINION NOT REPORTED

MEMORANDUM OPINION 
BY PRESIDENT JUDGE LEAVITT       FILED: July 10, 2019

    Before the Court is an application for summary relief filed by The Physical Therapy Institute, Inc. (PTI), requesting a remand of this matter to the Bureau of Workers' Compensation, Fee Review Hearing Office (Hearing Office). PTI asserts that a remand is required given our recent decision in *Armour Pharmacy v. Bureau of Workers' Compensation Fee Review Hearing Office*, 206 A.3d 660 (Pa. Cmwlth. 2019). Donegal Mutual Insurance Company (Insurer) has joined in PTI's request. We agree and will grant summary relief.

    On February 21, 2018, Gregory F. Habib, D.O., directed Bryan Reisz (Claimant) to undergo physical therapy for his work injury. Thereafter, PTI submitted two invoices to Insurer for the physical therapy given Claimant during the period of March 1, 2018, through June 5, 2018. The first invoice sought payment of $15,276.52; the second invoice sought payment of $651.40. Insurer denied PTI

payment for the stated reason that PTI was not a provider within the meaning of the Workers' Compensation Act (Act).[1]  Insurer's denial stated as follows:

> The physical therapy services were billed by [PTI], which is a Medicare Part A provider, although the billed services were performed by a Medicare Part B provider and not by PTI.  The payment due to PTI is $0.00, since PTI was not the provider of the physical therapy services represented by the submitted bill.  Since this dispute involves the identity of the physical therapy provider, if an Application for Fee Review is filed by [PTI], it must be dismissed for lack of fee review jurisdiction….

Reproduced Record at 30a (R.R. __).[2]  Ultimately, Insurer issued seven separate denials of payment for services rendered over different periods of time.

In response, PTI filed two fee review applications with the Bureau's Medical Fee Review Section, requesting a review of Insurer's refusal to pay its invoices.  Attached to both applications was a letter from the President of PTI stating that Claimant received physical therapy from "The pt Group," and on January 1, 2018, PTI acquired the assets of "The pt Group."  R.R. 151a.  Further, PTI's legal counsel advised Insurer, in writing, that a reorganization of PTI had taken place that includes former owners of "The pt Group."  *Id*.  Thus, PTI was the "provider" of the services rendered pursuant to the Act.[3]

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

[2] "Medicare is comprised of two principle parts: Part A (for inpatient hospital and post-hospital care), 42 U.S.C. §§1395c-1395i-5; and Part B (for physician services and outpatient services), 42 U.S.C. §§1395j-1395w-4." *Mulberry Square Elder Care and Rehabilitation Center v. Department of Human Services*, 191 A.3d 952, 955-56 (Pa. Cmwlth. 2018).

[3] Section 306(f.1)(1)(i) of the Act requires an employer to pay for "reasonable surgical and medical services, services rendered by physicians or other *health care providers* ... medicines and supplies, as and when needed." 77 P.S. §531(1)(i) (emphasis added). Section 306(f.1)(5) of the Act allows a "provider who ... disputes the amount or timeliness of [a] payment from the employer or insurer" to file an application for fee review. 77 P.S. §531(5). Section 109 of the Act defines a "[h]ealth care provider" as follows:

The Medical Fee Review Section granted PTI's applications, awarding PTI full payment, plus 10 percent interest. Insurer then filed two requests for hearing to contest the fee review determinations. Insurer argued that PTI did not submit adequate proof of its purchase of The pt Group. Insurer also argued that the Medical Fee Review Section lacked jurisdiction to determine whether PTI was a provider within the meaning of the Act. Insurer requested its appeals to the Hearing Office be dismissed for lack of jurisdiction.

The Hearing Office assigned Insurer's appeals to a hearing officer, who directed the parties to brief the jurisdictional issue. On November 18, 2018, relying on this Court's holding in *Selective Insurance Company of America v. Bureau of Workers' Compensation Fee Review Hearing Office (The Physical Therapy Institute)*, 86 A.3d 300 (Pa. Cmwlth. 2014),[4] the Hearing Office held that the issue of whether PTI was a provider was beyond the jurisdiction of both the Medical Fee Review Section and the Hearing Office. As such, the Hearing Office vacated the determinations of the Medical Fee Review Section and dismissed Insurer's appeals.

PTI petitioned for review to this Court, raising three issues.[5] First, it argued that the Hearing Office's conclusion that it lacks jurisdiction to decide the

---

> [A]ny person, corporation, facility or institution licensed or otherwise authorized by the Commonwealth to provide health care services, including, but not limited to, any physician, coordinated care organization, hospital, health care facility, dentist, nurse, optometrist, podiatrist, physical therapist, psychologist, chiropractor or pharmacist and an officer, employe or agent of such person acting in the course and scope of employment or agency related to health care services.

77 P.S. §29.

[4] This Court overruled *Selective Insurance* to the extent it was inconsistent with our decision in *Armour Pharmacy*, 206 A.3d at 672.

[5] This Court's review of a decision by the Hearing Office is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated, and whether the Hearing Office committed an error of law. 2 Pa. C.S. §704; *Walsh v.*

matter violates due process.[6]  Second, it argued that *Selective Insurance* was wrongly decided.  Third, it argued that the Hearing Office erred by refusing to allow PTI to submit into evidence "the original Applications for Fee Review as well as complete sets of the bills and supporting documentation" subsequent to the close of the hearing.  PTI Brief at 14-15.

Thereafter, PTI filed the instant application for summary relief. Pennsylvania Rule of Appellate Procedure 1532(b) states:

> Summary relief. At any time after the filing of a petition for review in an appellate or original jurisdiction matter the court may on application enter judgment if the right of the applicant thereto is clear.

PA. R.A.P. 1532(b).  "An application for summary relief is properly evaluated according to the standards for summary judgment." *Myers v. Commonwealth*, 128 A.3d 846, 849 (Pa. Cmwlth. 2015) (quoting *McGarry v. Pennsylvania Board of Probation and Parole*, 819 A.2d 1211, 1214 n.7 (Pa. Cmwlth. 2003)).  We have held "an application for summary relief may be granted if a party's right to judgment is clear ... and no issues of material fact are in dispute." *Myers,* 128 A.3d at 849

---

*Bureau of Workers' Compensation Fee Review Hearing Office (Traveler's Insurance Co.)*, 67 A.3d 117, 120 n. 5 (Pa. Cmwlth. 2013). Regarding questions of law, our scope of review is plenary and our standard of review is *de novo. Sedgwick Claims Management Services, Inc. v. Bureau of Workers' Compensation, Fee Review Hearing Office (Piszel and Bucks County Pain Center)*, 185 A.3d 429, 433 n.2 (Pa. Cmwlth. 2018).

[6] The Due Process Clause of the Fourteenth Amendment to the United States Constitution states as follows:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. CONST. amend. XIV, §1. The Pennsylvania Constitution also provides this protection. PA. CONST. art. I, §9.

(quoting *McGarry,* 819 A.2d at 1214 n.7). PTI contends that its application meets the exacting standards for summary relief, and we agree.

In *Armour Pharmacy*, the Hearing Office dismissed the employer's challenge to a fee determination for the stated reason that it lacked jurisdiction to decide the issue. 206 A.3d at 664. This Court reversed, specifically holding that the Hearing Office has jurisdiction to determine the threshold question whether an entity is a "provider" under the Act. *Id.* at 671. As such, the matter was remanded to the Hearing Office to determine the pharmacy's provider status. We agree that *Armour Pharmacy* is dispositive.

Because PTI's right to relief is clear, we grant its application for summary relief. Accordingly, as in *Armour Pharmacy*, we reverse the Hearing Office's adjudication and remand for a determination of whether PTI is a "provider" within the meaning of Section 109 of the Act, 77 P.S. §29.[7]

_____
MARY HANNAH LEAVITT, President Judge

---

[7] Because we reverse and remand for hearing, PTI's third issue is moot.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| The Physical Therapy Institute, Inc., | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1599 C.D. 2018 |
| | : | |
| Bureau of Workers' Compensation Fee | : | |
| Review Hearing Office (Donegal | : | |
| Mutual Insurance Company), | : | |
| Respondent | : | |

## **O R D E R**

AND NOW, this 10th day of July, 2019, the application for summary relief filed by The Physical Therapy Institute, Inc., is hereby GRANTED, the November 16, 2018, adjudication of the Bureau of Workers' Compensation Fee Review Hearing Office is REVERSED and the matter is REMANDED in accordance with the attached opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge