IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Walter T. Swierbinski, : 
                    Petitioner : 
                     : 
      v. : No. 26 M.D. 2021
                     : 
Uninsured Employers Guaranty Fund, : 
             Respondent : Submitted: September 24, 2021[1]

BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge[2]
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                       FILED: October 20, 2022

Before this Court is the application for summary relief (Application) filed by Walter T. Swierbinski (Petitioner),[3] which seeks mandamus relief by means of an order compelling the Uninsured Employers Guaranty Fund (Fund) to pay Petitioner workers' compensation benefits awarded by a workers' compensation judge (WCJ) on September 28, 2020. Because Petitioner has failed to establish the elements required for mandamus relief, we deny and dismiss the Application.

---

[1] A related matter, *Swierbinski v. Scranton Restaurant Supply (Workers' Compensation Appeal Board)*, was filed under this Court's appellate jurisdiction on August 31, 2021, at No. 971 C.D. 2021. This Court initially intended to render a decision once the other matter was resolved. However, since the related matter has not yet been resolved, and our decision herein will not affect this Court's eventual disposition of the other *Swierbinski* matter, we elected to file the instant opinion.

[2] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita Leavitt became a senior judge on the Court.

[3] Petitioner styled his pleading as a "Complaint in Mandamus." Given that he seeks to challenge government action, the matter was docketed as a petition for review (PFR) invoking this Court's original jurisdiction.

## I.    Background

On October 10, 2017, Petitioner sustained a work injury to his left wrist, right elbow, and right shoulder while employed by Scranton Restaurant Supply (Employer) as a restaurant equipment repairperson.  PFR, Ex. A.  Petitioner filed a claim petition with the Bureau of Workers' Compensation (Bureau) on July 16, 2019.  *Id.*  Subsequently, as Employer did not carry workers' compensation insurance, Petitioner filed a second claim petition naming the Fund on August 28, 2019.[4]  *Id.*  In a September 28, 2020 decision, the WCJ directed that the Fund pay wage loss benefits to Petitioner in the amount of $453.33 per week, effective October 10, 2017, and ongoing, with a credit for payments in lieu of compensation Petitioner received from Employer.  *Id.*

The Fund appealed the WCJ's decision to the Workers' Compensation Appeal Board (Board) and filed a petition for supersedeas, which the Board denied on October 29, 2020.  PFR, Ex. B.  On February 11, 2021, Petitioner filed his PFR seeking the Fund's compliance with the WCJ's order.

Petitioner's PFR alleges that the Fund has "failed and refused" to comply with the WCJ's order to pay Petitioner compensation.  PFR ¶ 9.  On February 24, 2021,

---

[4] Pursuant to Section 1602(c) of the Workers' Compensation Act (Act):

> [The Fund was established] for the exclusive purpose of paying to any claimant or his dependents workers' compensation benefits due and payable under this act . . .  and any costs specifically associated therewith where the employer liable for the payments failed to insure or self-insure its workers' compensation liability . . . .

Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of November 9, 2006, P.L. 1362, 77 P.S. § 2702(c).

2

Petitioner filed the Application,[5] asserting that he has been unable to work since the October 10, 2017 work injury occurred and that the Fund's failure to "perform its ministerial duty" and pay Petitioner compensation as ordered has caused him great hardship. Application ¶ 10. Accordingly, Petitioner requested judgment in his favor and an order directing that the Fund pay Petitioner's compensation as awarded by the WCJ.

Subsequent to Petitioner's filing of the PFR, the Board issued an August 24, 2021 order reversing the WCJ on the basis that Petitioner's claim against the Fund was barred by Section 1603(b) of the Act.[6] *See Swierbinski v. Scranton Rest. Supply*, (Pa. Workers' Comp. Appeal Bd., No. A20-0821, filed Aug. 24, 2021), 2021 WL 4125565. As indicated herein, Petitioner's appeal of the Board's order is pending before this Court.

## II. Issue

Petitioner argues that he is entitled to summary relief as no issues of material fact exist regarding the Fund's obligation to pay his workers' compensation benefits and the Board denied the Fund's request for supersedeas.[7]

---

[5] Petitioner styled his application for summary relief as a "motion for peremptory judgment and expedited hearing." Because this matter is governed by the Rules of Appellate Procedure for actions within this Court's original jurisdiction, it shall be treated as an application for summary relief pursuant to Pa.R.A.P. 1532(b).

[6] Section 1603(b) of the Act was added by the Act of November 9, 2006, P.L. 1362, 77 P.S. § 2703(b). It provides that an injured worker must notify the Fund within 45 days after he is advised that the employer was uninsured. Compensation will not be paid if the employee has not notified the Fund within the timeframe specified.

[7] The Fund failed to respond to this matter and has since been precluded from filing a brief by order of this Court dated September 9, 2021.

## III.    Discussion

An application for summary relief is evaluated according to the standards for summary judgment. *Myers v. Com.*, 128 A.3d 846, 849 (Pa. Cmwlth. 2105).  An application for summary relief may be granted if a party's right to judgment is clear and no issues of material fact are in dispute. *Id.*  To be entitled to summary relief, the parties must demonstrate the nonexistence of any genuine issue of material fact. *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, (Pa. 1979).

Mandamus exists to compel the official performance of a ministerial act or mandatory duty. *Bd. of Revision of Taxes, City of Phila. v. City of Phila.*, 4 A.3d 610, 627 (Pa. 2010).  This Court may issue a writ of mandamus where: (1) the petitioner has a clear legal right to relief; (2) the responding public official has a corresponding duty; and (3) no other adequate or appropriate remedy exists at law.[8] *Id.*

Petitioner argues that he is entitled to relief because the WCJ awarded him workers' compensation benefits and the Board denied the Fund's petition for supersedeas.  Petitioner suggests that, by failing to pay the benefits due Petitioner, the Fund is effectuating its own supersedeas.  Therefore, Petitioner seeks an order from this Court directing the Fund to pay Petitioner the workers' compensation benefits due, effective October 10, 2017, as ordered by the WCJ.

---

[8] Section 761(a)(1) of the Judicial Code provides that this Court has original jurisdiction of all civil actions or proceedings "[a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity[,]" with the exception of certain matters not implicated here. The Commonwealth government, as defined in Section 102 of the Judicial Code, 42 Pa.C.S. § 102, includes "departments, boards, commission, authorities, and officers and agencies of the Commonwealth."  The Fund is maintained as a separate fund in the State Treasury and administered by the Secretary of Labor and Industry of the Commonwealth; therefore, it is encompassed within the term "Commonwealth government."

We disagree that Petitioner has a right to the relief requested, as he cannot meet the requirements for mandamus relief.  Specifically, Petitioner has an adequate remedy at law, pursuant to Section 428 of the Act, 77 P.S. § 921, which provides as follows:

> Whenever the employer, who has accepted and complied with the provisions of [Section 305, 77 P.S. § 501], shall be in default in compensation payments for thirty days or more, the employe or dependents entitled to compensation thereunder may file a certified copy of the agreement and the order of the department approving the same or of the award or order with the prothonotary of the court of common pleas of any county, and the prothonotary shall enter the entire balance payable under the agreement, award or order to be payable to the employe or his dependents, as a judgment against the employer or insurer liable under such agreement or award. Where the compensation so payable is for a total and permanent disability, the judgment shall be in the amount of thirty thousand dollars less such amount as the employer shall have actually paid pursuant to such agreement or award. Such judgment shall be a lien against property of the employer or insurer liable under such agreement or award and execution may issue thereon forthwith.

While the Fund is not subject to the provisions of Section 440 of the Act,[9] relating to penalties and unreasonable contest fees, the Fund is maintained "for the exclusive purpose of paying to any claimant[,] or his dependents[,] workers' compensation benefits due and payable under [the Act[.]"[10]  Therefore, in the

---

[9] Added by the Act of February 8, 1972, P.L. 25, 77 P.S. § 996.

[10] Section 1602(c) of the Act, added by the Act of November 9, 2006, P.L. 1362, 77 P.S. § 2702(c).

5

absence of language to the contrary, we conclude that Section 428 of the Act is applicable to the Fund.

While the material facts do not appear to be in dispute, Petitioner's right to relief is not clear, as he cannot meet the third element required for mandamus relief. Accordingly, we deny the Application.

_____

ELLEN CEISLER, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Walter T. Swierbinski,                      :
                    Petitioner             :
                                            :
        v.                                  :   No. 26 M.D. 2021
                                            :
Uninsured Employers Guaranty Fund, :
                    Respondent             :

# **O R D E R**

AND NOW, this 20th day of October, 2022, the application for summary relief filed by Walter T. Swierbinski is hereby DENIED and DISMISSED.

_____
ELLEN CEISLER, Judge