IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Theodore Joseph Kimball,
           Petitioner

        v.          :   No. 551 M.D. 2023
                           :   Submitted: October 8, 2024

Pennsylvania Board of Probation
and Parole, et al.,
           Respondents

BEFORE:   HONORABLE ELLEN CEISLER, Judge
              HONORABLE MATTHEW S. WOLF, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT         FILED:  November 25, 2024

Theodore Joseph Kimball (Kimball), *pro se*, has filed a petition for review in this Court's original jurisdiction challenging the Pennsylvania Parole Board's (Parole Board)[1] decision to deny him parole. Kimball argues that he should have been paroled at the expiration of his Recidivism Risk Reduction Incentive (RRRI) minimum sentence.[2] The Parole Board has filed an application for summary relief and a preliminary objection in the nature of a demurrer to Kimball's petition. For the reasons that follow, we grant the application and sustain the demurrer.

---

[1] The Pennsylvania Board of Probation and Parole has been renamed the Pennsylvania Parole Board. *See* Sections 15, 16 and 16.1 of the Act of December 18, 2019, P.L. 776 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §§6101, 6111(a).

[2] The RRRI program offers eligible offenders, as an incentive for completion of rehabilitative programs in prison, the opportunity to be considered for parole at the expiration of their RRRI minimum sentence. The RRRI minimum sentence is shorter in length than the minimum sentence imposed by a sentencing judge. 61 Pa. C.S. §§4502, 4504.

Kimball is an inmate currently incarcerated in the State Correctional Institution at Forest. On December 8, 2023, Kimball filed a petition for review to challenge his continued incarceration. The petition alleges that he served his RRRI minimum sentence as of October 27, 2023. Petition at 2. At the expiration of his RRRI minimum sentence, Kimball was considered for parole, but he has not been paroled. *Id*.

Kimball contends that in denying him parole, the Parole Board erroneously considered his prior offenses. The sentencing order states that, "[i]f [Kimball] has prior offenses that would otherwise make him ineligible the Commonwealth is waiving said eligibility requirements." Petition at 2.[3] That waiver also included a misconduct while in county prison and his past supervision history. Petition at 1. Kimball avers that he is "entitled to RRRI early release." Kimball Brief in Opposition ¶6. He seeks a new parole hearing or an order directing the Parole Board to parole him.

The Parole Board responded by filing an application for summary relief under Pennsylvania Rule of Appellate Procedure 1532(b).[4] The Parole Board asserts

---

[3] Section 4505 of the Parole Code provides, in part:

> **(a) Generally.**--At the time of sentencing, the court shall make a determination whether the defendant is an eligible offender.

> **(b) Waiver of eligibility requirements.**--The prosecuting attorney, in the prosecuting attorney's sole discretion, may advise the court that the Commonwealth has elected to waive the eligibility requirements of this chapter if the victim has been given notice of the prosecuting attorney's intent to waive the eligibility requirements and an opportunity to be heard on the issue. The court, after considering victim input, may refuse to accept the prosecuting attorney's waiver of the eligibility requirements.

61 Pa. C.S. §4505.

[4] Rule 1532(b) provides that "[a]t any time after the filing of a petition for review in an appellate or original jurisdiction matter, the court may on application enter judgment if the right of the applicant thereto is clear." PA.R.A.P. 1532(b). In evaluating an application for summary relief,

2

that to the extent Kimball is seeking a parole review by the Parole Board, his request is moot. He was reviewed for parole, and it was denied on September 22, 2023. Application for Summary Relief (Application) ¶2. The Parole Board also explains that to the extent that Kimball seeks a recalculation of his RRRI minimum sentence, it is the Department of Corrections, not the Board, that established his RRRI minimum date.

The Parole Board also filed a preliminary objection in the nature of a demurrer[5] arguing that there is no constitutional right to parole under federal or state law. Application ¶9. Decisions to grant or refuse parole are committed to the discretion of the Parole Board and are not subject to the administrative appeals process or to judicial review in a mandamus action. Application ¶10 (citing 37 Pa. Code §73.1). The Parole Board asks this Court to dismiss Kimball's petition for failure to state a cognizable claim.

---

the Court applies the same standards that apply to summary judgment. *Myers v. Commonwealth*, 128 A.3d 846, 849 (Pa. Cmwlth. 2015) (quoting *McGarry v. Pennsylvania Board of Probation and Parole*, 819 A.2d 1211, 1214 n.7 (Pa. Cmwlth. 2003)). An application for summary relief may be granted if the moving "party's right to judgment is clear" and no material issues of fact are in dispute. *Myers*, 128 A.3d at 849 (quoting *McGarry*, 819 A.2d at 1214 n.7).

[5] "The question presented in a demurrer is whether, on the facts averred, the law indicates with certainty that no recovery is possible." *Stilp v. General Assembly*, 974 A.2d 491, 494 (Pa. 2009). In ruling on preliminary objections in the nature of a demurrer, this Court must consider as true all well-pleaded material facts set forth in the petition and all reasonable inferences that may be drawn from those facts. *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010). We "need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id.* To sustain preliminary objections, "it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them." *Id.*

"When ruling on a demurrer, a court must confine its analysis to the [petition for review]." *Id.* "Thus, the court may determine only whether, on the basis of the [petitioner's] allegations, he or she possesses a cause of action recognized at law." *Fraternal Order of Police Lodge No. 5 by McNesby v. City of Philadelphia*, 267 A.3d 531, 541 (Pa. Cmwlth. 2021). "[D]ocuments attached as exhibits [and] documents referenced in the [petition for review] . . . may also be considered." *Id.* at 542.

3

Kimball's petition assumes that the Parole Board was required to parole him at the expiration of his RRRI minimum sentence. This is an unfounded assumption that we reject.

In *Commonwealth v. Hansley*, 47 A.3d 1180, 1188 (Pa. 2012), this Court explained that an "offender is not guaranteed a right to be granted parole upon the expiration" of an RRRI minimum sentence. Rather, it is the responsibility of the Parole Board to evaluate whether an inmate should be paroled upon completion of the RRRI minimum sentence. Section 4506(a) of the Parole Code requires the Parole Board to make its parole determination on the basis of several factors:

> **(a) Generally.**--*The board or its designee shall issue a decision to parole*, without further review by the board, an inmate who has been sentenced to a recidivism risk reduction incentive minimum sentence at the expiration of that recidivism risk reduction incentive minimum sentence *upon a determination that all of the following apply*:
>
> . . . .
>
> (3) The [Department of Corrections] advised the inmate that the inmate is required to successfully complete the program plan.
>
> (4) The inmate has successfully completed all required recidivism risk reduction incentive programs or other programs designated in the program plan.
>
> (5) The inmate has maintained a good conduct record following the imposition of the recidivism risk reduction incentive minimum sentence.
>
> . . . .
>
> (10) There is no reasonable indication that the inmate poses a risk to public safety.

61 Pa. C.S. §4506(a)(3)-(5), (10) (emphasis added).[6] The Parole Code emphasizes that "[n]othing in this section shall be interpreted as granting a right to be paroled to

---

[6]A regulation of the Parole Board further provides as follows:

any person[.]" 61 Pa. C.S. §4506(d). In sum, parole at the expiration of an RRRI minimum sentence is not guaranteed, as Kimball's petition for review assumes.

Kimball's petition asserts that the Parole Board did not properly review his eligibility for parole in accordance with the RRRI provisions of the Parole Code. Specifically, the Parole Board erred in considering his prior offenses and misconduct. Kimball Brief ¶¶6-7.

On September 22, 2023, the Parole Board issued a decision denying Kimball parole for the following reasons: (1) Kimball's failure to complete some institutional programs; (2) Kimball's unsatisfactory institutional behavior, which included misconducts; (3) Kimball's unsatisfactory supervision history; and (4) assessments on Kimball's risk to the community. Application for Summary Relief, Exhibit 2. Under Section 4506 of the Parole Code, the Parole Board is required to consider these factors in any parole determination. Stated otherwise, the Parole Board followed the terms of the Parole Code in its consideration of Kimball's eligibility for parole.

Kimball has confused eligibility for the RRRI program with eligibility for parole, which may be considered at the expiration of the RRRI minimum sentence. Section 4505(a) of the Parole Code requires the sentencing court to "make

---

The Department [of Corrections] will conduct an assessment of the treatment needs and risks of eligible offenders it receives using Nationally recognized assessment tools. The results of the assessment will be used to develop a program plan that is designed to reduce the risk of recidivism using RRRI programs. An RRRI program is a program that scientific evidence suggests may reduce the risk that an offender will commit additional crimes. An offender who successfully completes the program plan, maintains a good conduct record and continues to remain an eligible offender can be paroled on the RRRI minimum sentence date unless the [Parole] Board determines that parole would present an unreasonable risk to public safety or that other specified conditions have not been satisfied.

37 Pa. Code §96.1(b).

a determination whether the defendant is an eligible offender"[7] for the RRRI program. 61 Pa. C.S. §4505(a). In a consideration of an RRRI sentence, the Commonwealth "may advise the court that the Commonwealth has elected to waive the eligibility requirements" for RRRI. 61 Pa. C.S. §4505(b). This waiver concerns

---

[7] An eligible person is defined as:

> A defendant or inmate convicted of a criminal offense who will be committed to the custody of the [Department of Corrections] and who meets all of the following eligibility requirements:
>
> (1) Does not demonstrate a history of present or past violent behavior.
>
> (2) Has not been subject to a sentence the calculation of which includes an enhancement for the use of a deadly weapon . . . or the attorney for the Commonwealth has not demonstrated that the defendant has been found guilty of or was convicted of an offense involving a deadly weapon or offense under 18 Pa. C.S. Ch. 61. . . .
>
> (3) Has not been found guilty of or previously convicted of or adjudicated delinquent for or criminal attempt, criminal solicitation or criminal conspiracy to commit murder, a crime of violence as defined in 42 Pa. C.S. §9714(g) or a personal injury crime as defined under section 103 of the act of November 24, 1998 (P.L. 882, No. 111), known as the Crime Victims Act, except for an offense under 18 Pa. C.S. §2701 (relating to simple assault) when the offense is a misdemeanor of the third degree. . . .
>
> (4) Has not been found guilty or previously convicted or adjudicated delinquent for violating any of the following provisions. . . .
>
>> 18 Pa. C.S. §4302(a) (relating to incest).
>>
>> 18 Pa. C.S. §5901 (relating to open lewdness).
>>
>> 18 Pa. C.S. Ch. 76 Subch. C (relating to Internet child pornography).
>>
>> Received a criminal sentence pursuant to 42 Pa. C.S. §9712.1 (relating to sentences for certain drug offenses committed with firearms).
>>
>> Any offense listed under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders) or I (relating to continued registration of sexual offenders).
>>
>> Drug trafficking as defined in section 4103 (relating to definitions).
>
> (5) Is not awaiting trial or sentencing for additional criminal charges, if a conviction or sentence on the additional charges would cause the defendant to become ineligible under this definition.

61 Pa. C.S. §4503.

participation in the RRRI program and has no relevance to a grant of parole. The Commonwealth waived Kimball's prior offenses and misconducts so that he could participate in the RRRI program, but the Parole Board was still required to consider this history as factors relevant to any grant or denial of parole. 61 Pa. C.S. §4506(a).

The Parole Board's demurrer asserts that Kimball's petition does not state a mandamus claim. Mandamus is an extraordinary remedy used to compel the performance of a ministerial act or mandatory duty where a petitioner establishes: (1) a clear legal right to relief, (2) a corresponding duty in the respondent, and (3) a lack of any other adequate and appropriate remedy at law. *Tindell v. Department of Corrections*, 87 A.3d 1029, 1034 (Pa. Cmwlth. 2014). Mandamus is not available to establish rights or to compel performance of discretionary acts but, instead, to enforce rights that have been clearly established. *Id*. In the context of parole, a writ of mandamus can be issued to ensure that the proper procedures and law are followed by the Parole Board in ruling on a parole application. *Homa v. Pennsylvania Board of Probation and Parole*, 192 A.3d 329, 332 (Pa. Cmwlth. 2018). However, mandamus does not lie to review the Parole Board's findings of fact and exercise of discretion. *Vaccarello v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 610 M.D. 2018, filed July 22, 2019) (unreported),[8] slip op. at 7 (citing *Weaver v. Pennsylvania Board of Probation and Parole*, 688 A.2d 766, 777 (Pa. Cmwlth. 1997)).

Because a writ of mandamus cannot compel the Parole Board's exercise of discretion in a particular manner, it is not available to reverse its decision on Kimball's parole application. *Vaccarello*, slip op. at 7. Simply, there is no relief available to Kimball in a mandamus action.

---

[8] *Vaccarello* is an unreported decision that is not binding precedent but instead is considered by the Court for its persuasive value. 210 Pa. Code §69.414(a).

7

For these reasons, we grant the Parole Board's application and sustain its preliminary objection in the nature of a demurrer. Kimball's petition for review must be dismissed.[9]

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

[9] On March 12, 2024, March 15, 2024, and March 22, 2024, Kimball filed several motions seeking release. Although separately filed, all request that this Court order his release on parole based on Kimball's claim that the Parole Board did not file its brief as directed by this Court; he has completed his programs; and he has received a favorable recommendation for parole from the Department of Corrections. The Parole Board filed its brief on January 20, 2024, with proof of service on Kimball. Court Order, 3/12/2024, at 1. Further, the Parole Board agreed to re-serve its brief on Kimball. *Id*. Finally, the Parole Board has sole discretion whether a prisoner should be paroled. For these reasons, Kimball's motions are denied.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Theodore Joseph Kimball,       :
            Petitioner       :
                            :
        v.                  :       No. 551 M.D. 2023
                            :
Pennsylvania Board of Probation       :
and Parole, et al.,       :
            Respondents       :

## **O R D E R**

AND NOW, this 25th day of November, 2024, the Pennsylvania Parole Board's application for summary relief is GRANTED and the preliminary objection asserting a demurrer to the above-listed petition for review is SUSTAINED.

Theodore Joseph Kimball's "Motion to Enforce RRRI Early Release Plea Agreement," filed March 12, 2024; "Motion to Grant RRRI Early Release and be Paroled," filed March 15, 2024; "Motion to Order RRRI Early Release and Order Parole," filed March 15, 2024; and "Motion to Grant Parole RRRI Early Release Plea Agreement," filed March 22, 2024, are DENIED.

The petition for review is DISMISSED.

_____
MARY HANNAH LEAVITT, President Judge Emerita