# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| Ilya Boguslavsky, | : | | |
| Petitioner | : | | |
| | : | | |
| v. | : | No. 348 M.D. 2021 | |
| | : | | |
| North Pocono School District, | : | | |
| Pennsylvania Department of Education, | : | | |
| State Tax Equalization Board, and | : | | |
| Lackawanna County Board of | : | | |
| Commissioners, | : | | |
| Respondents | : | Submitted: September 11, 2025 | |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
            HONORABLE MICHAEL H. WOJCIK, Judge (P.)
            HONORABLE MATTHEW S. WOLF, Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                    FILED: October 23, 2025

Before the Court is a "Motion for Summary Judgment" (which we treat as an Application for Summary Relief, and hereinafter refer to as Application) filed by Ilya Boguslavsky (Petitioner), an unrepresented litigant, in his action against the North Pocono School District (School District), Pennsylvania Department of Education (Department), the State Tax Equalization Board (Board, together with the Department, Commonwealth Respondents), and the Lackawanna County Board of Commissioners (Lackawanna County) arising under an original jurisdiction action transferred to this Court from the Court of Common Pleas of Wayne County

(Common Pleas). As there remain genuine issues of material fact, we deny Petitioner's Application.

## I. BACKGROUND

On September 27, 2021, the instant case was transferred to this Court from Common Pleas. Petitioner's case originally named only the School District as a Respondent. Before the transfer to this Court, on June 10, 2021, Common Pleas sustained a preliminary objection by the School District, which argued that Petitioner failed to join Respondents as indispensable parties and granted Petitioner leave to amend his initial filing. Petitioner filed his "Amended Complaint" naming those required parties. We treat Petitioner's Amended Complaint as a Petition for Review (Petition).

The facts as alleged by Petitioner in his Petition follow. In each of the 2018-19, 2019-20, and 2020-21 tax years, the School District, which is a multi-county district located in Lackawanna and Wayne Counties, taxed Wayne County taxpayers at a materially higher rate than Lackawanna County taxpayers. Petition at 3. The School District calculates its tax rates pursuant to Section 6-672.1(a)(1) of the Public School Code of 1949.[1] *Id.* at 4-5. The Board calculates inputs necessary for the calculation mandated by Section 6-672.1(a)(1): the Common Level Ratio (CLR) and its reciprocal Common Level Ratio Factor (CLRF), as well as valuations for properties in various counties. *Id.* at 5-6. As a result of overtaxing Wayne County taxpayers, the School District is offering refunds to Wayne County taxpayers. *Id.* at 6. Petitioner elected not to accept such a refund, as he disagreed with the calculated amount and receipt of the refund was conditioned on signing a release. *Id.* at 6-7.

---

[1] Act of March 10, 1949, P.L. 30, added by the Act of Aug. 7, 1961, P.L. 968, *as amended,* 24 P.S. § 6-672.1(a)(1)

Petitioner alleges that the refund was miscalculated due to errors and actions by the various Respondents. Namely, Petitioner alleges that the Board improperly calculated Lackawanna County's market value due to inadequate methodology and Lackawanna County's submitted incorrect data, which went unidentified by the Board. *Id.* at 8. The Department provides the Board's calculations as part of a template for the School District to perform its statutorily-mandated tax calculations. *Id.* at 6. Petitioner argues that the culmination of these alleged errors is the incorrect calculation of tax rates by the School District. "Exhibit O" to Petition.

By way of relief, Petitioner "request[s] that this Honorable Court enter judgment against [Respondent School District] for the amount requested in the plaintiffs {sic} refund claims, plus statutory interest . . . and the costs of this action" and further "request[s] that this Honorable Court enter judgment against the defendants ordering them to make Millage[2] proportionate to the latest CLRF." Petition at 10, 12.

Following pleadings, Petitioner filed the Application now before us for consideration.

## II. ISSUES

While Petitioner seeks to raise several issues for our consideration, more properly there is a single issue to consider before us: is Petitioner entitled to summary relief at this time? We perform this analysis *only* with respect to the prayers for relief properly pleaded in Petitioner's Petition for Review. Petitioner's

---

[2] "Millage" is the tax rate used to calculate property taxes. It is a rate expressed in "mills," with one mill equal to 1/1,000 of a dollar. CLR and CLRF are measured and published annually by the Board as ratios that compare assessed values to actual market values of real estate in a county and are used to adjust assessments so that taxpayers are treated uniformly.

attempt to raise a further prayer for relief in his Brief is improper.[3] Therefore, we consider only whether Petitioner has shown he is entitled to the relief sought in his Petition as a matter of law at this stage of the litigation.

In his Application, Petitioner outlines the same errors alleged in his Petition, although he expands on some allegations. Petitioner argues that the template provided by the Department for school districts to recalculate its tax rates violates taxpayers' right to equal taxation under the Uniformity Clause of the Pennsylvania Constitution. Pa. Const. art. VIII, § 1. He argues further that the Board has failed to establish appropriate standards for calculating municipal property valuations in scenarios in which a limited sample size is present, which contributes to the erroneous calculation of inequitable tax rates, and he also contends that the Board fabricated certain data relevant to the calculations for Lackawanna County. Petitioner further contends that Lackawanna County failed to submit certain data, which contributes to the errors in calculation. Petitioner also contends that this Court can properly calculate the amount he overpaid in taxes for various tax years in order to provide him his requested relief.

Commonwealth Respondents argue that Petitioner has failed to show that he is entitled to summary relief, as there are genuine issues of material fact still disputed by the parties. Along with their brief, Commonwealth Respondents submitted an affidavit from Board Director Renee Reynolds in which she states that the Board does not have the authority or obligation to audit the data provided to it by various counties for use in its calculations, and denies that the Board fabricated

---

[3] He requests that this Court "[o]rder Respondent Lackawanna County to make appropriate filings henceforth, upon pain of having to pay all fees, costs (including attorney fees) and damages (refunds) incurred by Wayne County taxpayers because of Lackawanna County failures to obey the law." Petitioner's Brief at 3.

4

any data used in its Lackawanna County calculations. The Board also cites its "Lack of Sales Exception"[4] to contest Petitioner's argument that the Board's methodology is insufficient to handle calculations where there is an insufficient sample size. They contend that the disagreement between Respondents and Petitioner with respect to the appropriateness of the recalculation of Petitioner's tax rate is a dispute of material fact.

Like Commonwealth Respondents, the School District contends that Petitioner has failed to show that he is entitled to summary relief as there are genuine issues of material fact. The School District also submitted affidavits from School District employees who argue that they properly calculated Petitioner's refund pursuant to Section 6-672.1(a)(1).

Like the other Respondents, Lackawanna County contends that Petitioner has failed to show that he is entitled to summary relief as there are genuine issues of material fact. In support of this contention, they attach an affidavit of Patrick Tobin, the Lackawanna County Director of Assessment, in which he states that Lackawanna County has not fabricated any of the data submitted to the Board, and that it submits the required data annually in accordance with the Commonwealth's requirements. Lackawanna County also argues that Petitioner improperly seeks to expand his requests for relief in his Brief, by bringing, for the first time, a request for relief against Lackawanna County.

---

[4] Policy & Procedures Manual for Market Value, State Tax Equalization Board, Pa. Dep't of Comm. & Econ. Dev., 5, https://dced.pa.gov/download/currentsteb-policy-and-procedures-manual-for-market-value-02-15-2018/?wpdmdl=84986 (last accessed October 22, 2025) [hereinafter Board Manual].

**III. DISCUSSION**

Pa.R.A.P. 1532(b) governs requests for summary relief in cases filed pursuant to this Court's original jurisdiction. This Court has held:

> Pa.R.A.P. 1532(b) provides that "[a]t any time after the filing of a petition for review in an appellate or original jurisdiction matter[,] the court may on application enter judgment if the right of the applicant thereto is clear." Pa.R.A.P. 1532(b). "An application for summary relief is properly evaluated according to the standards for summary judgment." *Myers v. Commonwealth*, 128 A.3d 846, 849 (Pa. Cmwlth. 2015). That is, in ruling on a motion for summary relief, the evidence must be viewed in the light most favorable to the non-moving party and *the court may enter judgment only if: (1) there are no genuine issues of material fact; and (2) the right to relief is clear as a matter of law.*

*Flagg v. Int'l Union, Sec., Police, Fire Pros of Am.*, Local 506, 146 A.3d 300, 305 (Pa. Cmwlth. 2016) (emphasis added).

The record for the purpose of considering a motion for summary judgment is limited to "(1) pleadings, (2) depositions, answers to interrogatories, admissions and affidavits, and (3) reports signed by an expert witness that would, if filed, comply with [Pa.R.Civ.P.] 4003.5(a)(1), whether or not the reports have been produced in response to interrogatories" and "unsworn exhibits . . . are not properly part of the record on summary judgment." Pa.R.Civ.P. 1035.1; *Wheeler v. Johns-Manville Corp.*, 493 A.2d 120, 122 (Pa. Super. 1985). In considering whether genuine issues of material fact exist, this Court "resolve[s] all doubts as to the existence of disputed material fact against the moving party." *Cook v. Pa. Lab. Rels. Bd.*, 315 A.3d 885, 895 (Pa. Cmwlth. 2022).

With respect to challenges raised under the Uniformity Clause:

> When a taxpayer believes that he has been subjected to unequal taxation due to an allegedly unconstitutional statute, he generally must demonstrate that: (1) the enactment results in some form of classification; and (2) such classification is unreasonable and not rationally related to any legitimate state purpose. When considering such a challenge, reviewing courts must remain cognizant of the General Assembly's broad authority and wide discretion in matters of taxation, and the presumption that, when enacting any statute, the Legislature does not intend to violate the Constitutions of the United States or of this Commonwealth. Accordingly, a tax enactment will not be invalidated unless it clearly, palpably, and plainly violates the Constitution.

*Clifton v. Allegheny Cnty.*, 969 A.2d 1197, 1211 (Pa. 2009) (internal citations and quotation marks omitted).

Here, there are genuine issues of material facts, and therefore we cannot grant Petitioner's Application. While there is no dispute that the School District incorrectly calculated Petitioner's tax rate previously, the appropriate method of recalculation is defined by statute and it is contested between the parties both as to whether it was appropriately calculated (and if the necessary inputs were correctly calculated) and whether the new rate, as calculated, imposes a substantially unequal tax burden. The Commonwealth Respondents have offered an affidavit that the Board correctly calculated the market value figure necessary for the School District to recalculate its tax rates. The School District has provided affidavits that it correctly recalculated the tax rates in accordance with the statutory provision provided by Section 6-672.1(a)(1).

While Petitioner has argued that the new rate is calculated incorrectly and imposes a substantially unequal tax burden, he supports his assertions almost

7

exclusively with various calculations and spreadsheets he offers as unsworn "Exhibits" to his Petition and Application, as well as argument regarding the alleged inadequacy of the Board's market value calculation, and alleged issues with the data provided by Lackawanna County and relied on by the Board in its calculations.[5] However, Petitioner has not been qualified as an expert witness on the matter of accounting and tax calculation, and even if he had, the fact remains that Respondents have offered sworn evidence to dispute Petitioner's own arguments.  Therefore, it is clear based upon the record properly before this Court and in consideration of the requirement that we resolve doubts in favor of the non-moving party, that there remain genuine issues of material fact.  Accordingly, we must deny Petitioner's Application.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Application is denied.

_____
MATTHEW S. WOLF, Judge

---

[5] In Petitioner's Reply Brief, he argues that the Board, in calculating municipal market values in scenarios where there may be insufficient sales data, "confuses absence with insufficiency. It denies the possibility of a sales sample existing but not being adequate. The 'lack of sales exception' deals exclusively with the situation when a sample does not exist at all . . . ." Petitioner's Reply Brief at 2.  This does not appear to be correct—the "Lack of Sales Exception" defined within the Board Manual provides that a "lack of *or* no sales occurred."  Board Manual at 5 (emphasis added).  The language of this exception, on its face, appears to contemplate both the possibilities of an absence of sales as well as an insufficient sample of sales, as it clearly considers a "lack of" sales to be distinct from "no sales" given the presence of the conjunction "or."

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ilya Boguslavsky,                                      :
                  Petitioner               :
                                :
           v.                                       :   No. 348 M.D. 2021
                                :
North Pocono School District,                  :
Pennsylvania Department of Education,  :
State Tax Equalization Board, and           :
Lackawanna County Board of                   :
Commissioners,                                        :
                  Respondents          :

## **O R D E R**

AND NOW, this 23rd day of October 2025, Petitioner's July 31, 2023 "Motion for Summary Judgment" is DENIED.

 

_____
MATTHEW S. WOLF, Judge